UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> BOOK DOG BOOKS, LLC d/b/a TEXTBOOKRUSH and TEXTBOOKSRUS, APEX MEDIA, LLC, AND ROBERT WILLIAM MANAGEMENT, LLC, <br><br> Defendants. | Case No: 16-cv-7123 (WHP) (GWG) <br><br> **ANSWER TO FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants Book Dog Books, LLC ("BDB"), Apex Media, LLC ("Apex"), and Robert William Management, LLC ("RWM" and, together with BDB and Apex, "Defendants") by their attorneys Mandel Bhandari LLP for their answer to the First Amended Complaint ("FAC") filed by Plaintiffs Cengage Learning, Inc. ("Cengage"), McGraw-Hill Global Education Holdings, LLC ("McGraw-Hill"), and Pearson Education, Inc. ("Pearson" and, together with Cengage and McGraw-Hill, "Plaintiffs") state as follows:

1. Defendants admit that Plaintiffs sell textbooks and otherwise deny the allegations in paragraph 1[1].

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

---

[1] All references to paragraphs are references to paragraphs in the FAC.

4. Defendants admit that BDB is a defendant in *Cengage Learning, Inc, et al. v. Tetbooksrus.com LLC*, Case No. 07 Civ. 8540 (the "Prior Action") and that BDB entered into a settlement agreement at the conclusion of that action. Defendants otherwise deny the allegations in paragraph 4.

5. Defendants admit that BDB was a defendant in *John Wiley & Sons, Inc., et al. v. Book Dog Books, LLC, et al.*, Case No. 13 cv 0816 (the "Pending Action") and otherwise deny the allegations in paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

## JURISDICTION AND VENUE

8. Paragraph 8 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

## PARTIES

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Defendants admit that BDB is an Ohio limited liability company with its principal place of business at 802 Avondale Avenue, Grandview Heights, Ohio 43212 and that BDB does or has done business under other names. Otherwise, Defendants deny the allegations in paragraph 14.

15. Defendants admit that one or more BDB affiliates sell books through Amazon.com and otherwise deny the allegations of paragraph 15.

16. Defendants admit that one or more BDB affiliates sell books through Amazon.com and otherwise deny the allegations of paragraph 16.

## GENERAL ALLEGATIONS

17. Defendants admit that Cengage sells textbooks and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Defendants admit that McGraw-Hill sells textbooks and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Defendants admit that Pearson sells textbooks and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

## PLAINTIFFS' COPYRIGHTS AND TRADEMARKS

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Paragraph 23 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

## THE PRIOR AND PENDING ACTIONS

24. Defendants admit that the Prior Action was brought against BDB and otherwise deny the allegations in paragraph 24.

25. Defendants admit that the Prior Action was resolved in a settlement agreement and respectfully refer the Court to the settlement agreement regarding its contents. Defendants deny the remaining allegations in paragraph 25.

26. Defendants admit that the Prior Action was resolved in a settlement agreement and respectfully refer the Court to the settlement agreement regarding its contents. Defendants deny the remaining allegations in paragraph 26.

27. Defendants admit that the Pending Action was brought against BDB and Philip Smyres and otherwise deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants admit that the discovery deadline in the Pending Action has passed and that the Court has not set a trial date in the Pending Action. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement Under 17 U.S.C. §§ 101 *et seq.*

38. Defendants reallege and incorporate by reference their responses to each and every paragraph above as if set forth fully herein.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Paragraph 40 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

42. Paragraph 42 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

43. Paragraph 43 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

44. Paragraph 44 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

45. Paragraph 45 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

## SECOND CLAIM FOR RELIEF

### Infringement of Federally-Registered Trademarks Under 15, U.S.C. § 1114

48. Defendants reallege and incorporate by reference their responses to each and every paragraph above as if set forth fully herein.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. Paragraph 50 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

53. Defendants deny the allegations in paragraph 53.

54. Paragraph 54 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

55. Paragraph 55 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

## THIRD CLAIM FOR RELIEF

**Trademark Counterfeiting Under 15, U.S.C. § 1114(1)(a)**

56. Defendants reallege and incorporate by reference their responses to each and every paragraph above as if set forth fully herein.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

### FOURTH CLAIM FOR RELIEF

### Trademark Dilution in Violation of 15, U.S.C. § 1125(c)

61. Defendants reallege and incorporate by reference their responses to each and every paragraph above as if set forth fully herein.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63. Paragraph 63 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

64. Paragraph 64 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

65. Paragraph 65 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

66. Paragraph 66 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

## FIFTH CLAIM FOR RELIEF

### Federal Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

67. Defendants reallege and incorporate by reference their responses to each and every paragraph above as if set forth fully herein.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69. Paragraph 69 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

70. Paragraph 70 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

71. Paragraph 71 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

72. Paragraph 72 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

73. Paragraph 73 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

74. Paragraph 74 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

## SIXTH CLAIM FOR RELIEF

### Breach of Contract

75. Defendants reallege and incorporate by reference their responses to each and every paragraph above as if set forth fully herein.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. Paragraph 77 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

78. Paragraph 78 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

79. Paragraph 79 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

80. Paragraph 80 states a legal conclusion to which no response is required. To the extent this paragraph contains factual allegations, Defendants deny such allegations.

## **AFFIRMATIVE DEFENSES**

Further answering the Complaint, and as additional defenses thereto, Defendants assert, in the alternative, the following Affirmative Defenses. By alleging the Affirmative Defenses set forth below, Defendants neither admit any of the allegations contained in the Complaint, nor agree or concede that they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

1. This Court lacks personal jurisdiction over the Defendants.

2. This Court is the improper venue for some or all of Plaintiffs' claims.

3. Plaintiffs' claims are barred for a lack of subject matter jurisdiction because Plaintiffs lack valid registrations for the intellectual property rights asserted, or have not properly or timely registered their works.

4. Plaintiffs copyrights and trademarks are invalid and/or unenforceable.

5. Plaintiffs' claims are barred under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

6. Plaintiffs' claims are barred to the extent Plaintiffs have forfeited or abandoned their intellectual property.

7. Plaintiffs have failed to state a claim upon which relief may be granted.

8. Plaintiffs' claims are barred under the first sale doctrine.

9. Plaintiffs' claims are barred by one or more corporate shields.

10. Plaintiffs' claims, including the trademark and copyright infringement claims, should be dismissed because they have not been pled with sufficient particularity.

11. Plaintiffs' claims are barred because Defendants at all relevant times exercised good faith and acted in a commercially reasonable manner, with the care that an ordinarily prudent person in a like position would use under the circumstances.

12. If Defendants infringed any of Plaintiffs' intellectual property rights, the infringement was innocent.

13. Plaintiffs' claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of, among other things, the Due Process clause.

14. Plaintiffs' claims are barred to the extent that Defendants' actions and speech are protected by the First Amendment of the United States Constitution.

15. Defendants did not engage in any of the acts alleged in the FAC.  Nor are Defendants alter egos of each other.

16. Plaintiffs' breach of contract claim is barred because the contract was not supported with consideration.

17. Plaintiffs' breach of contract claim is barred by the doctrine of fraudulent inducement.

18. Plaintiffs' breach of contract claim is barred because the contract was void, in whole or in part, as against public policy.

19. Plaintiffs' breach of contract claim is barred because of the doctrine of mutual mistake.

20. Plaintiffs' breach of contract claim is barred because of the doctrine of unilateral mistake.

21.	Plaintiffs' claims are barred by the statute of limitations and/or the doctrine of laches.

22.	Defendants do not owe some or all of the duties that Plaintiffs claim are owed.

23.	Plaintiffs' claims are barred because Plaintiffs have not suffered any injury or damages.

24.	Plaintiffs' claims are barred because Plaintiffs misused their respective copyrights and trademarks.

25.	Plaintiffs' claims are barred by the doctrine of unclean hands and/or Plaintiffs' bad faith.

26.	Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, release, promissory estoppel, judicial estoppel, and/or equitable estoppel.

27.	Plaintiffs are not entitled to recover attorney fees or costs.

28.	Plaintiffs' claims are barred because Defendants have substantially performed any contractual obligations.

29.	Plaintiffs' claims are barred by the doctrine of preemption.

30.	Plaintiffs' claims are barred by the doctrine of fair use.

31.	Plaintiffs' breach of contract claim is barred because Plaintiffs committed prior material breaches.

32.	Plaintiffs' claims are barred by an accord and satisfaction or another agreement.

33. Plaintiffs assumed the risk that their goods would be counterfeited by, among other things, doing business with known counterfeiters or known counterfeit distributors.

34. Plaintiffs' claims are barred because of their contributory negligence.

35. Plaintiffs' claims are barred because Defendants or third-parties had a license to distribute the books at issue.

36. Plaintiffs' claims are barred by res judicata and/or collateral estoppel.

37. Plaintiffs' claims are barred by a release.

38. Plaintiffs' claims are barred by waiver.

39. To the extent that Plaintiffs have suffered damages, Plaintiffs have failed to take steps necessary to mitigate the damages sustained.

40. To the extent that Plaintiffs have suffered damages, such damages were the result of their own culpable conduct.

41. Plaintiffs' claims and/or damages, are barred, in whole or in part, by the doctrine of *in pari delicto*.

42. Plaintiffs' damages are barred, in whole or in part, by the doctrine of set-off.

43. Plaintiffs' claims are barred because they are duplicative and/or seek duplicative remedies.

44. Plaintiffs' claims are barred by the election of remedies doctrine.

45. Defendants reserve the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court enter judgment dismissing the FAC with prejudice and awarding Defendants their attorney fees and costs, as well as granting Defendants such other and further relief as the Court deems just and proper.

DATED:   New York, New York
         November 14, 2016

                              MANDEL BHANDARI LLP

                        By:   /s/ Evan Mandel
                              Evan Mandel
                              80 Pine Street, 33rd Floor
                              New York, New York 10005
                              Office: (212) 269-5600
                              Fax:    (646) 969-6667

                              *Attorneys for Defendants Book Dog Books, LLC, Apex Media, LLC, and Robert William Management, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> BOOK DOG BOOKS, LLC d/b/a TEXTBOOKRUSH and TEXTBOOKSRUS, APEX MEDIA, LLC, AND ROBERT WILLIAM MANAGEMENT, LLC, <br><br> Defendants. | Case No: 16-cv-7123 (WHP) (GWG) |

## **JURY DEMAND**

Defendants hereby demand a trial by jury in the above captioned matter on all issues so triable.

DATED:    New York, New York
         November 14, 2016

                        MANDEL BHANDARI LLP

              By:    /s/ Evan Mandel
                     Evan Mandel
                     80 Pine Street, 33rd Floor
                     New York, New York 10005
                     Office: (212) 269-5600
                     Fax:    (646) 969-6667

                     *Attorneys for Defendants Book Dog Books, LLC, Apex Media, LLC, and Robert William Management, LLC*