# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CENGAGE LEARNING, INC., MCGRAW-HILL
GLOBAL EDUCATION HOLDINGS, LLC, and
PEARSON EDUCATION, INC.,


                    Plaintiffs,



           -against-



BOOK DOG BOOKS, LLC d/b/a
TEXTBOOKRUSH and TEXTBOOKSRUS, APEX
MEDIA, LLC, AND ROBERT WILLIAM
MANAGEMENT, LLC,


                    Defendants.

---

Case No: 16 Civ. 7123 (WHP)

**DEFENDANTS' RESPONSES
AND OBJECTIONS TO
PLAINTIFFS' FIRST
REQUESTS FOR
PRODUCTION**

        Defendants Book Dog Books, LLC, Apex Media, LLC, and Robert William

Management, LLC ("Defendants") by their undersigned attorneys hereby respond to Plaintiffs'

First Requests for Production (the "Requests") as follows:

<u>**GENERAL OBJECTIONS**</u>

        The following general objections are incorporated into each specific response and

objection to the Requests as if fully set forth in such response and objection:

        1.      Defendants object to the Requests to the extent they require disclosure of

information that is protected by the attorney-client privilege, attorney work-product privilege, or

any other applicable privilege or is otherwise protected from disclosure under applicable

privileges, laws, or rules.  Defendants further object to providing any information concerning

privileged documents that would, in effect, reveal privileged information.

    2.      Defendants object to the Requests to the extent they may be construed to request

disclosure of information not relevant to any party's claims or defenses or not reasonably

calculated to lead to the discovery of admissible evidence.

    3.      Defendants object to the Requests to the extent that they are vague, ambiguous,

overly broad, oppressive, duplicative, or unduly burdensome.

    4.      Defendants object to the Requests to the extent that they are not related to the

time period at issue in this action.  Unless otherwise stated, Defendants will provide answers

reflecting information from April 30, 2015 onward.

    5.      Defendants object to the Requests to the extent they seek information already in

the possession of Plaintiffs.

    6.      Defendants object to the Requests to the extent they seek information more

readily ascertainable by alternative means of disclosure.

    7.      Defendants object to the Requests to the extent they seek confidential or

proprietary business information.

    8.      Defendants object to the Requests to the extent they seek information that is not in

Defendants' possession, custody, or control.

    9.      Defendants have exercised due and reasonable diligence in responding to the

Requests.  Defendants reserve their right to supplement or amend any and all parts of the

responses provided herein and to object to the admissibility in evidence of any of the information

contained in the responses.

10.    Defendants submit these responses without conceding the relevancy or materiality of the subject matter of any request, response thereto, or document.

11.    Defendants submit these responses without waiving any applicable privilege.  In the event that Defendants make any privileged information available to Plaintiffs, whether inadvertently or otherwise, Defendants do not waive and reserves their right to assert any applicable privilege and require that the information be returned to Defendants.

12.    Defendants object to the Requests to the extent that Plaintiffs seek to impose on Defendants any obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the Southern and Eastern Districts of New York, and any other applicable statues, rules, and case law.

13.    Defendants object to the Requests to the extent that they seek discovery from Defendants that the Court has already ruled is impermissible.

14.    Defendants objections and responses to specific items in the Requests are not intended, nor should they be construed, to imply that any responsive document in fact exists.

15.    Defendants object to the definitions of "Document" and "Thing" on the ground that they deviate from the definitions in the Federal Rules of Civil Procedure and the Local Rules.

16.    Defendants object to the definition of "Infringement Claims" as overbroad because it encompasses allegations against persons who have no relationship with Defendants.

17.    Defendants object to the definition of the term "Infringing Titles" on the ground that the definition changes over time subject only to the Plaintiffs' whim.

18.     Defendants object to the "Instructions" and "Definitions" contained in the Requests to the extent that they proffer rules of language construction and interpretation that differ from or contradict ordinary English grammar and usage.

19.     Defendants object to the "Instructions" to the extent that they call for Defendants to categorize, arrange, or otherwise produce records other than as they are stored in the ordinary course of business.

**RESPONSES TO REQUESTS**

Without waiver of the foregoing objections, Defendants specifically respond and object to Plaintiffs' Requests as follows:

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to identify all purchases of the Infringing Titles, such identification to include: seller or distributor; title; author; edition; ISBN number; quantity purchased; purchase price; condition of book, dates you ordered the books; and dates you received the books.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: To the extent that Plaintiffs identify a specific book that they allege to be counterfeit and allege that Defendants sold, Defendants will produce documents sufficient to show the person who provided the book to Defendants (to the extent such information can be located after a reasonable search).

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to identify all sales, rentals or other disposition of the Infringing Titles, such identification to include: customer; title; author; edition; ISBN number; quantity distributed; condition of book, sales/rental price; and dates of disposition.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: To the extent that Plaintiffs identify a specific book that they allege to be counterfeit and allege that Defendants sold, Defendants will produce documents sufficient to identify sales or rental of the book  (to the extent such information can be located after a reasonable search).

**DOCUMENT REQUEST NO. 3:**

For the period following Your discovery responses in the 2013 Lawsuit, all documents concerning each instance in which you purchased, imported, sold, distributed, or found within your inventory a book that you believed, or that another alleged, was or may be counterfeit and/or infringed the copyright or trademark rights of a party.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Indeed, at the February 16, 2017 Rule 16 Conference, the Court specifically cautioned Plaintiffs that they were not entitled to discovery "to see if they

have a cause of action" concerning titles not identified in the Amended Complaint.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 4:**

For each source or supplier identified in response to Interrogatory No. 4, including each source or supplier of the Infringing Titles, documents sufficient to identify all purchases of textbooks from that source or supplier by publisher, title, edition, ISBN, author, dates you ordered the books; dates you received the books, quantity, price, and condition of book.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Indeed, at the February 16, 2017 Rule 16 Conference, the Court specifically cautioned Plaintiffs that they were not entitled to discovery "to see if they have a cause of action" concerning titles not identified in the Amended Complaint.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 5:**

Documents sufficient to identify all rentals, sales or other disposition of the textbooks identified in response to Request No. 4 above, such identification to include the: customer or recipient; title; author; edition; ISBN number; quantity distributed; sale/rental price; and date of disposition.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Indeed, at the February 16, 2017 Rule 16 Conference, the Court specifically cautioned Plaintiffs that they were not entitled to discovery "to see if they have a cause of action" concerning titles not identified in the Amended Complaint.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 6:**

For the period following Your discovery responses in the 2013 Lawsuit, all documents, including internal communications, memos, emails and communications with any source, supplier, customer, and/or any other third-party, concerning the topic of counterfeit or infringing textbooks.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it calls for documents protected by the attorney client privilege, the attorney work product protection or any other applicable privilege or immunity.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce non-privileged communications concerning counterfeit copies of the allegedly

Infringing Titles within their possession, custody, or control that can be located after a reasonable search.

**DOCUMENT REQUEST NO. 7:**

      For the period following Your discovery responses in the 2013 Lawsuit, all documents, including internal communications, memos, emails and communications with any source, supplier, customer, and/or any other third-party, concerning any counterfeit textbook(s) or suspected counterfeit textbook(s).

**RESPONSE:**

      Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Indeed, at the February 16, 2017 Rule 16 Conference, the Court specifically cautioned Plaintiffs that they were not entitled to discovery "to see if they have a cause of action" concerning titles not identified in the Amended Complaint.  Defendants further object to this request to the extent that it calls for documents protected by the attorney client privilege, the attorney work product protection or any other applicable privilege or immunity.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 8:**

      For the period following Your discovery responses in the 2013 Lawsuit, all documents constituting or reflecting policies, procedures, practices, measures, and/or safeguards concerning the importing, purchasing, and/or distributing of counterfeit textbooks and/or the avoidance thereof.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce non-privileged internal anti-counterfeiting policies and procedures within their possession, custody, or control that can be located after a reasonable search.

**DOCUMENT REQUEST NO. 9:**

For the period following Your discovery responses in the 2013 Lawsuit, all documents constituting or reflecting policies, procedures, or practices concerning the purchase, importation, inspection, and/or inventorying of textbooks.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce non-privileged internal anti-counterfeiting policies and procedures within their possession, custody, or control that can be located after a reasonable search.

**DOCUMENT REQUEST NO. 10:**

For the period following Your discovery responses in the 2013 Lawsuit, documents sufficient to identify each textbook title that you purchased, imported, or otherwise obtained - directly or indirectly - from any supplier located in or shipping from Asia, including but not limited to Best Books World, PFK Trading, Perry Blackerby, and Wirat, such identification to

9

include all transactions related to these titles and the: seller or distributor; title; author; edition; ISBN number; quantity purchased; purchase price; dates you ordered the books; and dates you received the books.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Indeed, at the February 16, 2017 Rule 16 Conference, the Court specifically cautioned Plaintiffs that they were not entitled to discovery "to see if they have a cause of action" concerning titles not identified in the Amended Complaint.  Defendants also object on the ground that it is often impossible to know which suppliers have operations in Asia or ship from Asia.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 11:**

With respect to your inventory for each year from 2009 to the present, documents sufficient to identify the percentage of college textbooks that you acquired/purchased from "Buybacks" as opposed to other sources or channels of purchasing.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this request on the ground that it treats "Buyback" as a defined term without providing any definition of the term. Defendants further object to this request to the extent that it calls for confidential, proprietary,

and competitively sensitive business information.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce documents sufficient to show the percentage of books purchased from "Buybacks" to the extent such documents can be located after a reasonable search.

**DOCUMENT REQUEST NO. 12:**

All studies, reports, analyses, estimates, or presentations concerning the presence of counterfeit or suspected counterfeit textbooks in Defendants' inventories.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Indeed, at the February 16, 2017 Rule 16 Conference, the Court specifically cautioned Plaintiffs that they were not entitled to discovery "to see if they have a cause of action" concerning titles not identified in the Amended Complaint.  Defendants further object to this request to the extent that it calls for documents protected by the attorney client privilege, the attorney work product protection or any other applicable privilege or immunity.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 13:**

Images of the front and back cover and copyright page of all counterfeit or suspected counterfeit textbooks within your possession, custody or control that were not previously provided to Plaintiffs for inspection.

11

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Indeed, at the February 16, 2017 Rule 16 Conference, the Court specifically cautioned Plaintiffs that they were not entitled to discovery "to see if they have a cause of action" concerning titles not identified in the Amended Complaint.  Defendants further object to this request as, in effect, requiring an inspection after the Court specifically ordered that Plaintiffs were not permitted to conduct any further inspections.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 14:**

Documents sufficient to identify the revenues, costs, expenses, profits, and losses for the textbooks referred to in Request Nos. 2 and 5 above.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Indeed, at the February 16, 2017 Rule 16 Conference, the Court specifically cautioned Plaintiffs that they were not entitled to discovery "to see if they have a cause of action" concerning titles not identified in the Amended Complaint.  Defendants further object to this request to the extent that it calls for confidential, proprietary, and competitively sensitive business information.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce documents sufficient to show profits or losses attributable to specific books that Plaintiffs allege

to be counterfeit and allege to have been sold by Defendants (to the extent that such information can be located after a reasonable search).

**DOCUMENT REQUEST NO. 15:**

For the period following Your discovery responses in the 2013 Lawsuit, all documents mentioning any lawsuit or legal claims asserted by Plaintiffs against Defendants and/or their underlying allegations.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 16:**

All communications with Plaintiffs concerning counterfeit textbooks or infringement.

**RESPONSE:**

Defendants object to this request as unduly burdensome and calling for information already in Plaintiffs' possession, custody, or control.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 17:**

All internal communications concerning Plaintiffs and counterfeit textbooks or infringement.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it calls for documents protected by the attorney client privilege, the attorney work product protection or any other applicable privilege or immunity.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce non-privileged communications concerning specific books that Plaintiffs have alleged to be counterfeit and to have been sold by Defendants within their possession, custody, or control that can be located after a reasonable search.

**DOCUMENT REQUEST NO. 18:**

For the period following Your discovery responses in the 2013 Lawsuit, documents sufficient to identify the structure, ownership, management, assets, and liabilities of Defendants and any book-related entity in which Philip Smyres has a direct or indirect interest or control.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it calls for confidential, proprietary, and competitively sensitive business information.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will produce documents sufficient to show their beneficial owners.

14

**DOCUMENT REQUEST NO. 19:**

For the period following Your discovery responses in the 2013 Lawsuit, documents sufficient to show Defendants' revenues, profits, losses, and distributions on a quarterly and yearly basis.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it calls for confidential, proprietary, and competitively sensitive business information. Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 20:**

All documents that you intend to rely on in support of any Affirmative Defenses you intend to assert.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents responsive to this request.

**DOCUMENT REQUEST NO. 21:**

All documents obtained from third parties, by subpoena or voluntary production, in connection with this lawsuit, or the allegations contained therein.

**RESPONSE:**

Subject to and without waiving any general objections, Defendants respond as follows: Defendants will produce documents responsive to this request.

**DOCUMENT REQUEST NO. 22:**

All documents constituting or relating to any communications or documents mentioned or identified in Defendants' responses to interrogatories.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it calls for Defendants to categorize, arrange, or otherwise produce records other than as they are stored in the ordinary course of business.  Defendants also object to this request on the ground that the interrogatories to which it refers are objectionable.  Subject to and without waiving any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**DOCUMENT REQUEST NO. 23:**

All documents provided to, obtained from, or created by any individual who will provide expert testimony in connection with this lawsuit.

**RESPONSE:**

Defendants object to this request as premature.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will comply with the expert disclosure schedules set forth in the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure and any applicable Individual Rules or Orders of the Court.

16

**DOCUMENT REQUEST NO. 24:**

For the period following Your discovery responses in the 2013 Lawsuit, all documents constituting or relating to any civil judgments, civil suits, and/or criminal, charges, indictments, or convictions against you.

**RESPONSE:**

Defendants object to this request as overbroad, unduly burdensome, and calling for information not relevant to any party's claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the above objections or any general objections, Defendants respond as follows: Defendants will not produce documents responsive only to this request.

**REQUEST FOR INSPECTION:**

Please produce for inspection at a mutually-agreeable time and place all textbooks responsive to Request No. 13 above.

**RESPONSE:**

See Response to Request No. 13.

DATED:      New York, New York
            March 17, 2017

                              By:    /s/ Evan Mandel
                                   _____
                                   MANDEL BHANDARI LLP

                                   EVAN MANDEL
                                   ROBERT GLUNT
                                   Mandel Bhandari LLP
                                   80 Pine Street, 33rd Floor
                                   New York, NY 10005
                                   T:  (212) 269-5600
                                   F:  (646) 964-6667
                                   em@mandelbhandari.com

                                   *Attorneys for Defendants*