UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                         :
JOHN WILEY & SONS, INC., *et al.*,        :

                         :      13cv816

             Plaintiffs,     :
      - against -         :

BOOK DOG BOOKS, LLC, *et al.*,         :

             Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                         :
CENGAGE LEARNING, INC., *et al.*,   :

                         :      16cv7123

             Plaintiffs,     :
      - against -         :

BOOK DOG BOOKS, LLC, *et al.*,         :

             Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        On December 8, 2017, this Court ruled on twelve of the parties' motions <u>in limine</u>. (<u>See</u> Memorandum & Order, ECF No. 270). On December 14, 2017, the parties appeared for argument on eleven other motions. For the reasons that follow, these motions are granted, denied, or reserved at this time.

LEGAL STANDARD

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (quotation omitted). Evidence should only be excluded when it is "clearly inadmissible on all potential grounds." United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001).

When determining the admissibility of expert testimony, a court must assure itself that "the expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993). This inquiry is flexible. Daubert, 509 U.S. at 594. District courts have broad discretion in determining whether to admit expert testimony. Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265 (2d Cir. 2002).

DISCUSSION

**A. Plaintiffs' Motion to Preclude Professor Wei Wu**

Plaintiffs' motion to preclude testimony of Professor Wei Wu is denied. Professor Wu will testify to the statistical analysis that he performed on the likelihood that certain works at issue were supplied by the Defendants. Plaintiffs' objections go to the weight of Dr. Wu's conclusions, not their admissibility. See Restivo v. Hessemann, 846 F.3d 547, 577 (2d Cir. 2017) ("Frequently . . . gaps or inconsistencies in the reasoning leading to the expert's opinion go to the weight of the evidence, not to its admissibility.") (quotation marks and

alteration omitted).  Of course, Plaintiffs are free to challenge the accuracy of the data that Professor Wu relied on through cross-examination.

### B.  Plaintiffs' Motion to Preclude Gerald Hiller

Plaintiff's motion to preclude testimony of Gerald Hiller is denied.  Hiller will testify to counterfeit detection practices in the book distribution industry based on his 32 years of experience.  This testimony may be helpful in determining whether Defendants' actions constitute willful infringement.  Courts routinely allow testimony from individuals qualified through their "extensive practical experience."  See McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1043 (2d Cir. 1995).  While Plaintiffs argue that Hiller spent most of his career at one book distributor, he reviewed other discovery in this action and maintains that he is "very familiar with the players, practices, and history of the college textbook distribution market in the United States."  (First Amended Expert Report of Gerald Hiller, ECF No. 165-2, at 2.)

### C.  Plaintiffs' Motion to Preclude Ronald Quintero

Plaintiffs' motion to preclude testimony of Defendants' rebuttal expert, Ronald Quintero, is denied.  Quintero may offer opinions under Rule 702 by reason of his background in business valuation and accounting.  Accountants often offer opinions on businesses they have not worked in.  See Washington v. Kellwood Co., 105 F. Supp. 3d 293, 308–09 (S.D.N.Y. 2015).  Further, Defendants' tax treatment may be relevant to the jury's determination of statutory damages.  Because trial has been adjourned to March 2018, Plaintiffs' have the opportunity to conduct further discovery if appropriate.

**D.  Plaintiffs' Motion to Preclude the Existence of Other Infringers**

Plaintiffs' motion to preclude evidence that other book distributors may distribute counterfeits is denied.  That evidence is probative to whether certain works came from Defendants, and it may also assist the jury in determining whether Defendants took sufficient precautions to detect counterfeits.  In Arista Records LLC v. Lime Group, LLC, the court excluded evidence showing that "had [the defendant] not infringed, others would have caused similar losses by purveying infringing works." 785 F. Supp. 2d 423, 426 (S.D.N.Y. 2011).  But the court noted this "did not preclude the admission of evidence regarding other illegal services for all purposes."  Arista Records LLC, 785 F. Supp. 2d at 426 (emphasis in original).  Similarly, the Defendants here have limited the purposes for which they seek to offer this evidence, and Plaintiffs may propose an appropriate limiting instruction.

**E.  Plaintiffs' Motion to Preclude Third-parties' Counterfeit Detection Practices**

Plaintiffs' motion to preclude evidence of third-parties' counterfeit detection policies and practices is denied for the reasons stated in Section D of this Memorandum & Order.

**F.  Plaintiffs' Motion to Preclude that Plaintiffs' Themselves Distribute Counterfeits**

Plaintiffs' motion to preclude evidence that Plaintiffs themselves distribute counterfeits is granted.  Defendants seek to offer this evidence to support their "first sale" defense.  "Under the first sale doctrine, when a copyright owner sells a lawfully made copy of its work, it loses the power to restrict the purchaser's right to sell or otherwise dispose of that copy." Impression Prods. v. Lexmark Int'l Inc., 137 S. Ct. 1523, 1527 (2017).  Defendants' theory is that if a textbook distributor returned a book to Plaintiffs, and if that book was a counterfeit, and if that counterfeit bypassed Plaintiffs' counterfeit detection process, and if Plaintiffs then resold

that counterfeit and it made its way into Defendants hands, <u>then</u> Defendants should be able to argue that Plaintiffs lawfully sold that book and lost all rights to restrict its further sale.

At oral argument, this Court directed Defendants to submit a proffer of specific textbook titles at issue in this case that would support this theory.  (Hearing Transcript dated December 14, 2017 at 42:24–25; 43:21–23.)   Defendants failed to do so.  Because there is no evidence to support this theory, the argument is precluded.  It would also be unfairly prejudicial to Plaintiffs—textbook publishers are entirely different from textbook distributors.

**G.  Plaintiffs' Motion to Preclude Certain Affirmative Defenses**

Plaintiffs' motion to preclude many of Defendants' affirmative defenses is <u>granted in part, denied in part, and reserved in part</u>.  This omnibus motion aims to strike numerous defenses raised in <u>Cengage Learning Inc. v. Book Dog Books</u> ("Book Dog Books II"). Some of these defenses were previously stricken in <u>John Wiley & Sons v. Book Dog Books</u> ("Book Dog Books I"), while Plaintiffs claim others lack a legal or factual foundation.

For reasons already stated on the record by this Court and/or Magistrate Judge Gorenstein, Defendants may not offer evidence or argue the following defenses: (1) fraudulent inducement; (2) prevention of performance; (3) copyright/trademark misuse; (4) unclean hands/bad faith; and (5) substantial performance.  These defenses were stricken in <u>Book Dog Books I</u>.  "[A] decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation."  <u>DiLaura v. Power Auth. of N.Y.</u>, 982 F.2d 73, 76 (2d Cir. 1992).

In addition, evidence or argument underlying the first sale defense and license defense are precluded for the reasons set forth in Section F of this Memorandum & Order.

This Court reserves decision on those branches of Plaintiffs' motion seeking to preclude evidence of: (1) excessive statutory damages; (2) preemption; and (3) statute of limitations. These issues can be explored at the charge conference. While the statute of limitations defense was stricken in Book Dog Books I, the new claims at issue in Book Dog Books II require a more fulsome factual record.

The branch of Plaintiffs' motion seeking to preclude evidence underlying Defendants' lack of standing is denied. As explained in this Court's prior Memorandum & Order, Plaintiffs bear the burden to establish ownership of all copyrights at issue. (See Memorandum & Order, ECF No. 270, at 4.)

Finally, the branches of Plaintiffs' motion seeking to preclude: (1) the bankruptcy defense; and (2) all defenses to which Defendants do not seek a jury instruction is denied. This Court declines to determine the merits of these defenses on a motion in limine. These issues can be explored at the charge conference.

## H.  Plaintiffs' Motion for an Adverse Inference Instruction

This Court reserves decision on Plaintiffs' motion for an adverse inference instruction. When Plaintiffs filed this motion, trial was imminent. But trial has been adjourned to March 19, 2018. The parties have nearly ten weeks to conduct any further discovery under the supervision of Magistrate Judge Gorenstein.

## I.  Defendants' Motion to Preclude Plaintiffs' Counterfeit Experts

Defendants' motion to preclude testimony of Ronald Tesoro, Richard Jensen, Diane Peirano, and Steven Rosenthal is denied. Federal Rule of Evidence 702 allows a witness to offer opinion testimony by reason of "knowledge, skill, experience, training or education."

Fed. R. Evid. 702.  This rule "embodies a liberal standard of admissibility."  Nimely v. City of N.Y., 414 F.3d 381, 395 (2d Cir. 2005).  These witnesses explained their methodology in their expert reports and during depositions.  While this Court does not qualify experts in front of the jury, each of these individuals appear capable of comparing legitimate works with counterfeit copies through their work experience.  See Gucci Am., Inc. v. Duty Free Apparel, Ltd., 286 F. Supp. 2d 284, 285 (S.D.N.Y. 2003).

Finally, Defendants' alternate request to preclude testimony from these witnesses on whether a work is counterfeit is also denied.  "An expert can make factual conclusions that embrace an ultimate issue to be decided by the fact-finder."  U.S. Commodity Futures Trading Comm'n v. Moncada, 2014 WL 2945793, at *2 (S.D.N.Y. June 30, 2014).

**J.  Defendants' Motion to Preclude Plaintiffs' "Roadmap"**

Defendants' motion to preclude Plaintiffs' "Roadmap," a document created to summarize the multitude of works in this case, is denied in part and otherwise reserved at this time.  On December 14, 2017, this Court entered a Scheduling Order directing the parties to work towards creating a revised Roadmap acceptable to both parties.  The parties are currently addressing various disputes with Magistrate Judge Gorenstein.  (See Letters, ECF Nos. 280 and 281.)

In the interest of focusing that dispute, this Court holds that, assuming a proper foundation is laid at trial, certain witnesses who oversaw or participated in creating the Roadmap are qualified to testify about it.  See UPS Store, Inc. v. Hagan, 2017 WL 3309721, at *5 (S.D.N.Y. Aug. 2, 2017) ("[S]ummary evidence can be properly introduced through the testimony of a witness who supervised its preparation.") (internal citation omitted).

All other disputes concerning the content and presentation of the Roadmap are properly before Magistrate Judge Gorenstein.  Given the 161 works at issue for trial, the parties are urged to continue working to create a suitable Roadmap.

**K.  Defendants' Motion to Preclude Harry Steinmetz**

Defendants' motion to preclude testimony of Harry Steinmetz is <u>denied</u>.  Plaintiffs hired Steinmetz to analyze Defendants' profits, a relevant consideration for statutory damages.  Defendants do not challenge Steinmetz's qualifications or analysis, but only his conclusions.  However, Steinmetz will not be permitted to speculate on the motivations for Defendants' corporate structure.

<u>CONCLUSION</u>

For the foregoing reasons, the parties' motions <u>in limine</u> are granted, denied, or reserved for trial.  The Clerk of Court is directed to terminate the motions pending at ECF Nos. 160, 163, 166, 169, 243, and 247.

Dated:  January 5, 2018
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.