# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and PEARSON EDUCATION, INC., | Case No. 1:16-cv-07123 (WHP) (GWG) |
| Plaintiffs, | Judge William H. Pauley III |
| v. | |
| BOOK DOG BOOKS, LLC d/b/a TEXTBOOKRUSH and TEXTBOOKSRUS, APEX MEDIA, LLC, AND ROBERT WILLIAM MANAGEMENT, LLC, | |
| Defendants. | |

| | |
|---|---|
| JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC., | Case No. 1:13-cv-00816 (WHP) (GWG) |
| Plaintiffs, | Judge William H. Pauley III |
| v. | |
| BOOK DOG BOOKS, LLC and PHILIP SMYRES, | |
| Defendants. | |

## JOINT AND INDEPENDENT
## PROPOSED JURY INSTRUCTIONS

## **Introduction**

This document is a joint submission from Plaintiffs and Defendants.  It contains a total of twenty (20) proposed jury instructions.  Some of the instructions are joint instructions, whereas some others are independent requests from either Plaintiffs or Defendants alone.  Each instruction, save one, has citation to authorities.  Where the parties have disagreement for the Court to resolve, beneath the instruction there is a section of argument from Plaintiffs and/or Defendants.

There are a total of seven (7) proposed instructions that are are independent requests by either Plaintiffs or Defendants alone.

The joint proposed instructions, of which there are a total of thirteen (13), fall into the following three categories:

1. Instructions with language completely agreed upon.

2. Instructions with a mix of agreed upon language and disputed language.  For these, the agreed upon language appears in black, Defendants' requests are in blue, and Plaintiffs' requests are in red.

3. One instruction where the differences necessitated that Plaintiffs and Defendants set forth their proposals separately.

## TABLE OF CONTENTS

| | | |
|---|---|---|
| Joint Instruction 1 | Trademark Infringement | Page 1 |
| Joint Instruction 2 | Trademark Ownership and Registration | Page 4 |
| Joint Instruction 3 | Copyright Infringement | Page 5 |
| Joint Instruction 4 | Copyright Ownership | Page 8 |
| Joint Instruction 5 | Copyright Proof of Ownership | Page 9 |
| Joint Instruction 6 | Contracts - Introduction | Page 11 |
| Joint Instruction 7 | Damages | Page 14 |
| Joint Instruction 8 | Damages – Trademark Infringement | Page 15 |
| Joint Instruction 9 | Damages – Copyright Infringement | Page 17 |
| Joint Instruction 10 | Copyright – One Award Per Work Infringed | Page 25 |
| Joint Instruction 11 | "Too Good to be True Pricing" | Page 26 |
| Joint Instruction 12 | Permissive Adverse Inference – Evidence Destruction | Page 28 |
| Plaintiffs' Instruction 1 | Mandatory Adverse Inference – Violation of Orders | Page 30 |
| Plaintiffs' Instruction 2 | Mandatory Adverse Inference – Violation of Orders | Page 31 |
| Joint Instruction 13 | Statute of Limitations / Laches | Page 32 |
| Defendants' Instruction 1 | Good Faith / Innocent Infringement | Page 37 |
| Defendants' Instruction 2 | Excessive Statutory Damages | Page 39 |
| Defendants' Instruction 3 | Lack of Standing | Page 41 |
| Defendants' Instruction 4 | Preemption | Page 43 |
| Defendants' Instruction 5 | Bankruptcy Discharge | Page 46 |

## I.      LIABILITY INSTRUCTIONS

### Joint Proposed Jury Instruction No. 1

### Trademark Infringement

The first claim you must decide is whether Defendants are liable for infringing trademarks belonging to the Plaintiffs, and if so, how many trademarks Defendants infringed.  In these cases, Plaintiffs have alleged that, by distributing textbooks bearing unauthorized reproductions of the Publishers' trademarks, Defendants infringed ten (10) of Plaintiffs' trademarks.  The defendants deny infringing the trademarks and assert several affirmative defenses.

A "trademark," sometimes referred to as a "mark," is a word, name, symbol, or device, or any combination of these items, that indicates the source of goods.  The main function of a trademark is to identify and distinguish goods or services as the product of a particular manufacturer or merchant and to protect its goodwill.  The owner of a trademark has the right to exclude others from using that trademark or a similar mark that is likely to cause confusion in the marketplace.

In order to establish trademark infringement, plaintiffs have the burden of proving each of the following:

(1) One of the Plaintiffs is the owner or exclusive licensee of a valid trademark at issue;

(2) The mark used by Defendants is identical to or substantially indistinguishable from Plaintiffs' trademark; and

(3) Defendants used the mark in commerce in connection with the sale, offering for sale, distribution, or advertising of goods or services.

1

If you find that Plaintiffs did not prove each of these things by a preponderance of the evidence,

then you must find for the Defendants.  If, on the other hand, you find that Plaintiffs have proved

each of these things by a preponderance of the evidence, you must then find for the Plaintiffs

unless one of the affirmative defenses I describe below applies.  Neither knowledge nor intent

are necessary for you to find liability.  This means that Plaintiffs are not required to prove that

Defendants intended to distribute textbooks bearing unauthorized reproductions of the

Publishers' trademarks or knew that they were doing so.

Authority: Adapted from 11 ELEVENTH CIRCUIT CIVIL PATTERN JURY INSTRUCTIONS § 10.6
"Trademark Counterfeiting" (2013); 9 Modern Civil Jury Instruction for Ninth Circuit § 15.1;
MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK AND TRADE DRESS LITIGATION: 2.2.2.
"Trademark" ABA Section of Litigation (2008); 15 U.S.C. § 1114(1)(a) & 1116(d)(1)(B); *Fendi
Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 597 (S.D.N.Y.
2010) ("To find a likelihood of confusion, a court need only determine that the items at issue are
counterfeit and that the defendant distributed, offered for sale, or sold the items."); *Cartier Int'l
B.V. v. Ben-Menachem*, No. 06 Civ. 3917 (RWS), 2017 WL 64005, 2007 U.S. Dist. LEXIS
95366, at *31-32 (S.D.N.Y. Jan. 3, 2008); *see also This, LLC v. Jaccard Corp.*, No. 3:15-cv-
1606(JBA), 2017 WL 547902, 2017 U.S. Dist. LEXIS 19383, at *16 n.6 (D. Conn. Feb. 9,
2017); O'Malley, Grenig & Lee, 3A Fed. Jury Prac. & Instr. §§ 159:1, 159:20 (6th ed.).

## PLAINTIFFS' ARGUMENT

The language marked in blue should be excluded because, as described below, Defendants do not
have any affirmative defenses that should be presented to a jury.

The language marked in red should be included because it is accurate, provides helpful context to
the jury, and will help to avoid confusion.  This is especially important because Defendants are
expected to argue repeatedly about knowledge and intent.  The jury must understand that
knowledge and intent are not required for liability.

Contrary to Defendants' argument below, Plaintiffs do not seek double recovery for any
infringement.  Nor do Plaintiffs have a "new trial strategy."  Rather, Plaintiffs seek copyright
damages for some works and trademark damages for other works.  Defendants cite no authority
to support their contention that this is somehow improper.  For years Defendants have insisted
that Plaintiffs' claims must be proven on a work-by-work basis and their position below is wholly
inconsistent with that.

**DEFENDANTS' ARGUMENT**

Defendants object to Plaintiffs' seeking trademark and copyright damages on a work-by-work basis.  A plaintiff may not obtain a double recovery where statutory damages for both copyright and trademark infringement are sought for the same work.  It was only at 6:32 pm on March 9, 2018, that Plaintiffs indicated which works they were seeking trademark damages for and which ones they were seeking copyright damages for.  A work-by-work damages analysis is likely confuse the jury and would require a modification to the pre-trial order to allow for the submission of new exhibits reflecting Plaintiffs' new trial strategy.  Plaintiffs should be ordered to elect either trademark or copyright damages.  That being said, if Plaintiffs elect to seek trademark damages, Defendants object to Plaintiffs' proposed insertion at the end of this instruction concerning what they are ***not*** required to prove as confusing, prejudicial and argumentative.  It is also not reflective of the pattern jury instructions from the 9th and 11th Circuits.

**<u>Joint Proposed Jury Instruction No. 2</u>**

**Trademark Ownership and Registration**

The trademark owner first acquires the rights to use a trademark and to thereby exclude others from using that trademark in the marketplace, by being the first to use it in the marketplace, or by using it before the alleged infringer.  Once a party obtains the right to exclude others from using the trademark, thereby becoming the owner of a trademark, it may obtain a certificate of registration issued by the United States Patent and Trademark Office.  A certificate of registration issued by the U.S. Patent and Trademark Office creates a presumption that the trademark is valid and owned by the holder of the certificate.  This means that for each trademark for which Plaintiffs have presented a certificate listing a Plaintiff as the trademark holder, you must find that such Plaintiff owns that trademark and that the trademark is valid, unless Defendants have proven by a preponderance of evidence that such trademark is not valid or is not in fact owned by one of the Plaintiffs.  Alternately, if Plaintiffs present a registration certificate listing a person or entity from which a Plaintiff has obtained ownership through an exclusive license, transfer, or assignment of rights, or by operation of law, you must find that such Plaintiff is the trademark owner and that the trademark is valid, unless Defendants have proven by a preponderance of the evidence that the trademark is not valid or that Plaintiff does not, in fact, own such trademark.

<u>Authority:</u>  Adapted from MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK AND TRADE DRESS LITIGATION: 2.3.7. "Effect of Federal Registration" ABA Section of Litigation (2008); 15 U.S.C. §§ 1057, 1115.

### Joint Proposed Jury Instruction No. 3

### Copyright Infringement

The second claim you must decide is whether Defendants are liable for infringing copyrights belonging to the Plaintiffs, and if so, how many copyrights Defendants infringed.  In these cases, Plaintiffs contend that Defendants are liable for the infringement of one-hundred and forty-two (142) of Plaintiffs' copyrighted works—namely textbooks – as a result of distributing unauthorized copies of those works.  The defendants deny infringing the copyrights and assert several affirmative defenses.

The term "copyright" is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others.  As relevant to this trial, those rights include the exclusive rights to copy the work, to prepare derivative works based on the copyrighted work, and to distribute copies of the copyrighted work to the public, and to license others to do so.

To find liability for copyright infringement, you, the jury, must find that:

(1) One of the Plaintiffs is the owner or exclusive licensee of a valid copyright in the work at issue; and

(2) Defendants violated one or more of Plaintiffs' exclusive rights to the copyright.

Under the law, the exclusive right of distribution is violated by importing, selling, renting or otherwise transferring ownership of an unauthorized copy to any other person or entity.

If you find that Plaintiffs did not prove each of these things by a preponderance of the evidence, then you must find for the Defendants.  If, on the other hand, you find that Plaintiffs have proved each of these things by a preponderance of the evidence, you must find for Plaintiffs unless one of the affirmative defenses I describe below applies.  Neither knowledge nor intent

5

are necessary for you to find liability.  This means that Plaintiffs are not required to prove that

Defendants intended to distribute unauthorized copies or knew that they were doing so.

Authority: Adapted from Jury Charge at 20:13-18, *Capitol Records, Inc. v. MP3Tunes, LLC*, No. 07 Civ. 9931 (WHP) (S.D.N.Y. Mar. 17, 2014); 4-86B Modern Federal Jury Instructions-Civil P 86B.02; *Nationwide Educ. Dev. Corp. v. Rex Communs., Inc.*, No. 88 Civ. 4957 (JFK), 1990 U.S. Dist. LEXIS 5331, at *7 (S.D.N.Y. May 3, 1990); 17 U.S.C. §§ 106, 501, 602; *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1113 (2d Cir. 1986); *Cooley v. Penguin Group (USA), Inc.*, 31 F. Supp. 3d 599, 609 (S.D.N.Y. 2014).

## PLAINTIFFS' ARGUMENT

The language marked in blue should be excluded because, as described below, Defendants do not have any affirmative defenses that should be presented to a jury.

The language marked in red should be included because it is accurate, provides helpful context to the jury, and will help to avoid confusion.  This is especially important because Defendants are expected to argue repeatedly about knowledge and intent.  The jury must understand that knowledge and intent are not required for liability.

Contrary to Defendants' argument below, Plaintiffs do not seek double recovery for any infringement.  Nor do Plaintiffs have a "new trial strategy."  Rather, Plaintiffs seek copyright damages for some works and trademark damages for other works.  Defendants cite no authority to support their contention that this is somehow improper.  For years Defendants have insisted that Plaintiffs' claims must be proven on a work-by-work basis and their position below is wholly inconsistent with that.

## DEFENDANTS' ARGUMENT

Defendants object to Plaintiffs' seeking trademark and copyright damages on a work-by-work basis.  A plaintiff may not obtain a double recovery where statutory damages for both copyright and trademark infringement are sought for the same work.  It was only at 6:32 pm on March 9, 2018, that Plaintiffs indicated which works they were seeking trademark damages for and which ones they were seeking copyright damages for.  A work-by-work damages analysis is likely confuse the jury and would require a modification to the pre-trial order to allow for the submission of new exhibits reflecting Plaintiffs' new trial strategy.  Plaintiffs should be ordered to elect either trademark or copyright damages.  That being said, if Plaintiffs elect to seek copyright damages, Defendants object to Plaintiffs' proposed insertion at the end of this instruction concerning what they are ***not*** required to prove as confusing, prejudicial and argumentative.  It also improperly suggests that a person or entity can be found directly liable for copyright infringement without proof of some volitional act that constitutes or causes the infringement.  *See, e.g., In re Autohop Litig.*, No. 12 Civ. 4155(LTS)(KNF), 2013 WL 5477495,

at *5 (S.D.N.Y. Oct. 1, 2013).  It is also not reflective of the cited pattern jury instructions from the 9th and 11th Circuits.

**<u>Joint Proposed Jury Instruction No. 4</u>**

**Copyright: Ownership**

When a copyright is registered with the United States Copyright Office, the owner is presumed to be the person or entity listed as a claimant on the copyright registration. This claimant may be the author, but it can also be any person or entity to whom the author assigned, sold, or otherwise transferred the copyright prior to filing the registration. The owner may also be a person or entity to whom a copyright claimant transferred the copyright after registration.

For purposes of your deliberation here, Plaintiffs may prove ownership of a copyrighted work in any one of three ways: (1) by submission of a certificate of registration listing it as the claimant of the copyright; (2) by demonstrating that it is the recipient of a valid transfer or assignment of ownership of the copyright; or (3) by demonstrating that it is the holder of the exclusive right to the work by virtue of a license or other agreement. A transfer of copyright ownership may take place either by any means of conveyance or by operation of law such as a corporate merger or acquisition. An instrument of conveyance, or a note or memorandum of the transfer, is not valid unless in writing and signed by the owner of the rights conveyed or the owner's duly authorized agent. For the right granted, transferred, or licensed by the copyright owner to be exclusive, that means that no one else can have this right, and as a result, the grantee, transferee, or licensee becomes the owner of these particular rights.

<u>Authority:</u>  17 U.S.C. §§ 101, 201 & 204(a); Nimmer on Copyright §§ 7.16 & 7.18; *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 963 (8th Cir. 2005) (stating "corporate mergers and dissolutions transfer copyright ownership 'by operation of law,'" and holding that court order approving sale of assets from company A to B constituted a transfer of copyrights).

**<u>Joint Proposed Jury Instruction No. 5</u>**

**Copyright: Proof of Ownership**

For certain works in the first case it is already settled and conclusive that Plaintiffs own or exclusively control the copyrights and you are not to second-guess that fact.   Those works for are on a list that you have been provided.

As to the rest of the works, Plaintiffs' certificate of registration of its copyright is what is called *prima facie* evidence of the element of ownership, or proof "on its face."  In other words, once a Plaintiff provides a certificate of registration listing it as the claimant, that Plaintiff has satisfied its burden of proof to show ownership.  This means that for each work for which Plaintiffs have presented a registration certificate listing a Plaintiff as a claimant, you must find that such Plaintiff owns that work, unless Defendants have proven by a preponderance of the evidence that the registration certificate is not valid or that Plaintiff does not, in fact, own such work.

For certain works, Plaintiffs have submitted copyright registration certificates listing one of the Plaintiffs as a claimant.  For those works where the certificate of registration does not list one of the Plaintiffs as a claimant, if Plaintiffs present a registration certificate listing a person or entity from which a Plaintiff has obtained ownership through an exclusive license, transfer, or assignment of rights, you must find that such Plaintiff owns the work.  A transfer of copyright ownership is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or the owner's duly authorized agent.

9

Authority: Adapted from MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK AND TRADE DRESS LITIGATION: 1.3.10 "Proof of Ownership by Submission of Certificate of Registration" ABA Section of Litigation (2008); 17 U.S.C. §§ 201, 204(a) & 410; *Carol Barnhart Inc. v. Econ. Cover Corp.*, 773 F.2d 411, 414 (2d Cir. 1985).

## PLAINTIFFS' ARGUMENT

Plaintiffs object to the language marked in blue, concerning copyright transfer, because it is redundant.  Copyright ownership, including proof of copyright transfer, is already contained in the preceding instruction, where it is addressed more fully.  There is no reason to repeat it here (lengthening the instructions), let alone do so incompletely.

## DEFENDANTS' ARGUMENT

17 U.S.C. § 204(a) states, "A transfer of copyright ownership is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or the owner's duly authorized agent."

## Joint Proposed Jury Instruction No. 6[1]

### Contracts: Introduction

The third claim you must decide is whether certain Defendants are liable for breach of contract.  A contract is, in its simplest form, a legally binding promise.

In these cases, Plaintiffs Cengage, Pearson, Wiley, and McGraw-Hill entered into a Settlement Agreement in 2008 with Defendants Book Dog Books, LLC and Philip Smyres.  The Court has already found that the Settlement Agreement is a legally binding contract for the settlement of Plaintiffs' claims pertaining to prior alleged infringement.

For purposes of this trial, my prior determination is settled and conclusive and you are not to second-guess that finding.  The only issue remaining for you to decide concerns a provision under the Settlement Agreement that required Defendants to "cease all sales and importation into the United States of any pirated editions of the Publishers' textbooks."  If you find that Defendants violated this provision, then you must find Defendants liable for breach of contract.

In order to prevail on their claim for breach of contract, Plaintiffs must prove the following additional elements by a preponderance of the evidence:

    (1)    Breach of contract by Defendants Book Dog Books, LLC and Philip Smyres, and

    (2)    Damages proximately caused by the breach.

Authority:  *NRW, Inc. v. Bindra*, No. 12-cv-8555 (RJS), 2014 WL 4449779, 2014 U.S. Dist. LEXIS 126732, at *35 (S.D.N.Y. Sept. 10, 2014); *Carco Group, Inc. v. Maconachy*, 718 F.3d 72, 84 (2d Cir. 2013).

---

[1] Defendants assert that the contract claim is preempted.  Thus, they object to the instruction in its entirety.  Nevertheless, they submit this language in case the Court decides to instruct the jury on Plaintiffs' contract claim.

## PLAINTIFFS' ARGUMENT

Defendants' language marked in blue should be excluded from the instruction, because it incorrectly states that Plaintiffs must prove damages again.  It improperly encourages the jury to overlook – and potentially render a decision inconsistent with - Plaintiffs' successful summary judgment motion, where the Court already ruled that Plaintiffs are contractually entitled to damages in the form of attorneys' fees.  In light of that ruling, there is no reason to instruct the jury that Plaintiffs must once again prove that they are entitled the same damages.

In granting Plaintiffs' summary judgment motion, the Court already determined that the Settlement Agreement is valid and enforceable; that Defendants violated the forum-selection clause; and, significantly, that ***Plaintiffs are contractually entitled to attorney's fees as damages, and that the amount of such damages will be approved by the Court, not the jury.***  *See* July 10, 2015 R&R, at 17, 19-20 & n.4 (*BDBI*, ECF No. 281) (recommending summary judgment on Plaintiffs' breach of contract claim, finding that the contract "unambiguously permits an award for attorney's fees for legal action pursued to enforce the Settlement Agreement," and noting that the decision as to the amount of fees will be determined by the Court, not the jury); Mar. 25, 2016 Memorandum & Order, at 2-5 (*BDBI*, ECF No. 351) (concurring with Magistrate Judge's recommendations).  Accordingly, at trial, Plaintiffs only need to prove that Defendants violated the provision requiring Defendants to "cease all sales and importation into the United States of any pirated editions of the Publishers' textbooks."  If the jury finds that Defendants violated this provision, Plaintiffs are entitled to attorney's fees as a matter of law; no further proof of damages is necessary.

Where attorney's fees are an element of damages (as is the case here), the finder of fact determines whether a party is owed attorney's fees under a contract, after which the Court determines the amount owed.  *See McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993); *see also Rockland Trust*, 2008 U.S. Dist. LEXIS 61687, at *17 (explaining that where the contract conditions recovery of attorney's fees on "a breach of contract by [a party]," courts treat attorney's fees as an element of damages).  If, however, the Court has already determined that the party is contractually entitled to attorney's fees, it is not necessary for the party to seek a second determination by a jury on the exact same issue.  *See Compania Sud Americana De Vapores S.A. & CSAV Agency N. Am. v. Global Terminal & Container Servs., LLC*, No. 09 Civ. 7890 (PAC), 2013 WL 5754391, 2013 U.S. Dist. LEXIS 152376, at *8 & 11 (S.D.N.Y. Oct. 23, 2013) (finding plaintiffs already proved that it was entitled to fees and granting plaintiff's motion for attorney's fees where the court had previously held on summary judgment that plaintiff was entitled to attorney's fees and left the question as to the amount of fees to post-judgment briefing).  Plaintiffs therefore need not re-try the issue of whether they are entitled to attorney's fees as damages; that issue has already been settled by the Court in favor of Plaintiffs, and the only question for the jury is whether there was a violation of the contract giving rise to such damages.

## DEFENDANTS' ARGUMENT

First, this instruction should not be presented to the jury because Plaintiffs' breach of contract claim is preempted by the Copyright Act.  Under Section 301 of Copyright Act a claim is pre-

empted if (i) the work at issue comes within the subject matter of copyright and (ii) the right being asserted is equivalent to any of the exclusive rights within the general scope of copyright. Plaintiffs' contract claims are equivalent to the claims they have asserted under the Copyright Act.

As set forth in Judge Gorenstein's report and recommendation concerning Plaintiffs' motion for summary judgment, "To recover for a defendant's breach of contract under New York law, a plaintiff must prove by a preponderance of the evidence (1) the existence of a contract between itself and that defendant, (2) performance of the plaintiff's obligations under the contract, (3) breach of the contract by that defendant, and (4) damages to the plaintiff caused by that defendant's breach."  D.E. 281 at 6.  "New York law is clear that 'causation is an essential element of damages in a breach of contract action; and, as in tort, a plaintiff must prove that a defendant's breach directly and proximately caused his or her damages."  Id. at 20.

Plaintiffs' proposed instruction does not include their additional burden of showing damages proximately caused by this alleged breach of contract.

II.      **DAMAGES INSTRUCTIONS**

**Joint Proposed Jury Instruction No. 7**

**Damages**

If you determine Defendants are liable, it will be your responsibility to determine the extent to which Plaintiffs are entitled to damages.  You have previously been given a list of the works at issue in this case that identifies: (a) the nineteen (19) works, involving ten (10) different trademarks, for which Plaintiffs seek trademark damages; and (b) the one-hundred and forty-two (142) works for which Plaintiffs seek damages under copyright.  Plaintiffs have not requested, and you may not award, double-recovery for a given counterfeit title.  Thus, if you award Plaintiffs trademark damages for a particular work, you may not also award them copyright damages for the same work.   Likewise, if you award Plaintiffs copyright damages for a particular work, you may not also award them trademark damages for the same work.

**Joint Proposed Jury Instruction No. 8**

**Statutory Damages – Trademark Infringement**

First, if you determine that Defendants are liable for trademark infringement, you must determine what damages to award.

Plaintiffs in these cases have elected to recover statutory damages for trademark infringement.  Federal trademark law allows Plaintiffs to elect to recover statutory damages instead of having to prove their actual monetary damages.  You should therefore award statutory damages whether or not there is evidence of the actual damage suffered by Plaintiffs, and your statutory damage award need not be based on the actual damages suffered by Plaintiffs.  In determining the proper amount of the statutory damages award within the ranges provided, you need not consider the Defendants' ability to pay those damages.

Within certain limits that I will describe below, the statute gives you broad discretion to determine the amount of statutory damages that you find to be just in light of the evidence presented.  In deciding what amount is just, you should take into consideration factors that I will describe to you.

You must make only one award of statutory damages for each trademark that Plaintiffs prove Defendants infringed, for each type of goods sold, offered for sale, or distributed.  This is true no matter how many copies were made or how widely they were distributed, or how many of the Defendants participated in the infringement.

The general purpose of statutory damages is to:

(1)     Compensate the trademark owner;

(2)     Penalize the infringer; and

(3)     Deter future infringement;

15

You have wide discretion in setting the amount of statutory damages within the ranges set by Congress.  In determining the amount of statutory damages within that range, you may consider the following factors: (1) Defendants' state of mind; (2) the expenses saved, and profits earned, by Defendants; (3) the revenue lost by Plaintiffs; (4) the deterrent effect of the award, both on Defendants and others; (5) Defendants' cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

You must award statutory damages between $1,000 and $200,000 for each trademark that Plaintiffs proves Defendants used, for each type of goods sold, offered for sale, or distributed.  If Plaintiffs prove that Defendants' use of the trademark was willful, then you may, but are not required to, increase the statutory damage award to a maximum of $2,000,000 per type of goods sold, offered for sale, or distributed.

In characterizing the nature of Defendants' infringement, you must select only one of the two choices: (1) not willful, or (2) willful.  It is Plaintiffs' burden to prove by a preponderance of the evidence that the infringement was willful.

Infringement is "willful" where the infringer either knew that its actions infringed the plaintiff's trademark or acted with reckless disregard of the plaintiff's rights, meaning that it harbored actual doubts about its rights to make use of the work and yet willfully proceeded to do so without investigating further.  You may infer a defendant's state of mind, including reckless disregard, from its conduct.  It is Plaintiffs' burden to prove by a preponderance of the evidence that the infringement was willful.  You should evaluate each Defendant separately when assessing willfulness.  If you determine that a Defendant reasonably believed its conduct was permissible or was the result of only negligence, or simple mistake or accident, then you should find that Defendant did not willfully infringe.

16

Infringement is "willful" if Defendants had actual knowledge they were infringing Plaintiffs' trademarks, or acted in reckless disregard of, or willful blindness to, the possibility of infringement.  Reckless disregard means that Defendants behaved recklessly by ignoring the possibility that their acts could constitute infringement.  Willful blindness means that Defendants knew they might be selling infringing goods but nevertheless intentionally shielded themselves from discovering the truth.  Defendants' infringement need not be intentional for you to find that it was willful.  You are also not limited to considering the specific infringing activity at issue in this litigation.  Rather, you may consider Defendants' overall course of conduct to the extent it informs your decision as to whether Defendants engaged in an unreasonable pattern of conduct with respect to potential infringement.

Authority:  Adapted from MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK AND TRADE DRESS LITIGATION: 1.7.4 "Statutory Damages" ABA Section of Litigation (2008); 11 ELEVENTH CIRCUIT CIVIL PATTERN JURY INSTRUCTIONS § 10.6 (2013); Jury Charge Regarding Damages, at 4:3-8:14, *Capitol Records, Inc. v. MP3Tunes, LLC*, No. 07 CV 9931 (WHP) (S.D.N.Y. Mar. 25, 2014) (Pauley, J.); 15 U.S.C. § 1117(c); *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999) (explaining that statutory damages pursuant to 15 U.S.C. § 1117(d) are analogous to, and serve the same purpose as, statutory damages under the Copyright Act); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 110 (2d Cir. 2012); *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 125 (S.D.N.Y. 2003); *Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc.*, 507 F. App'x 26, 31 (2d Cir. 2013); *Yahoo! Inc. v. XYZ Cos.*, 872 F. Supp. 2d 300, 307 (S.D.N.Y. 2011); *Bryant v. Media Rights Prods.*, 603 F.3d 135, 144 (2d Cir. 2010); *N.A.S. Imp., Corp. v. Chenson Enters.*, 968 F.2d 250, 252-53 (2d Cir. 1992); *Wilen v. Alt. Media Net, Inc.*, 2005 U.S. Dist. LEXIS 1034, at *17 (S.D.N.Y. Jan. 25, 2005).

## PLAINTIFFS' ARGUMENT

The language marked in red concerning Defendants' ability to pay should remain because it is a legally correct statement and will help to avoid confusion on the issues.  *See, e.g., Wilen v. Alt. Media Net, Inc*., 2005 U.S. Dist. LEXIS 1034, at *17 (S.D.N.Y. Jan. 25, 2005) (finding that "a defendant's ability to pay damages is not generally a factor that is considered in determining the amount of statutory damages awarded under the [Copyright] Act.").  Defendants have kept poor records and, time and again, resisted discovery on financial issues.  They must not be able to

17

argue that they have a limited ability to pay and then mislead a jury into believing that their financial condition warrants a lesser award.

Plaintiffs object to Defendants' proposed language on willful infringement (marked in blue) because it is inaccurate and incomplete.  In particular, Defendants' recitation that reckless disregard means that the infringer "harbored actual doubts about its rights to make use of the work and yet willfully proceeded to do so without investigating further" is legally tenuous at best, as it has only been cited in two cases in this district to which Plaintiffs are aware, neither of which in the context of reciting the definition of reckless disregard.  *See Beastie Boys v. Monster Energy Co.*, 66 F. Supp. 3d 424, 440 n.10 (S.D.N.Y. 2014) (included in jury instruction without objection); *Agence Fr. Presse v. Morel*, No. 10-cv-2730 (AJN), 2014 WL 3963124, 2014 U.S. Dist. LEXIS 112436, at *12 (S.D.N.Y. Aug. 13, 2014) (stated in dicta discussing willful infringement generally).  Plaintiffs submit that their proposed language marked in red is a more accurate recitation of the law, grounded in the Second Circuit precedent, and in line with the great weight of authority that Plaintiffs provided above.

## **DEFENDANTS' ARGUMENT**

Defendants object to Plaintiffs' proposed insertion "In determining the proper amount of the statutory damages award within the ranges provided, you need not consider the Defendants' ability to pay those damages," on grounds that (1) instructing the jury on what they need ***not*** consider and what any award need ***not*** be based on is confusing, prejudicial and argumentative; and (2) it is an inaccurate statement of the law, insofar as a defendant's "ability to pay" is relevant to among other things, "the deterrent effect of the award" and the purpose of statutory damages to penalize the infringer.

Plaintiffs' inclusion of "willful blindness" as part of their instruction on whether trademark infringement was "willful" is confusing, prejudicial and argumentative, since among other the "willful blindness" standard is more stringent than Plaintiffs' own definition of "reckless disregard."

18

## Joint Proposed Jury Instruction No. 9

### Statutory Damages – Copyright

Second, if you determine that Defendants are liable for copyright infringement, you must determine what damages to award.  Plaintiffs in these cases have elected to recover statutory damages for copyright infringement.  Federal copyright law allows Plaintiffs to elect to recover statutory damages instead of having to prove their actual monetary damages.  You should therefore award statutory damages whether or not there is evidence of the actual damage suffered by Plaintiffs, and your statutory damage award need not be based on the actual damages suffered by Plaintiffs.  <span style="color:red">In determining the proper amount of the statutory damages award within the ranges provided, you need not consider the Defendants' ability to pay those damages.</span>

Congress has authorized copyright owners to elect to recover statutory damages for each copyrighted work that was infringed. Within certain limits that I will describe momentarily, the statute gives you broad discretion to determine the amount of statutory damages that you find to be just in light of the evidence presented.

The general purpose of statutory damages includes the following:

(1) Compensate the trademark owner;

(2) Penalize the infringer; and

(3) Deter future infringement;

You have wide discretion in setting the amount of statutory damages within the ranges set by the Copyright Act.  You are to consider all of the facts and circumstances, and in particular any notice that Defendants had of Plaintiffs' copyrights.  In determining the amount of statutory damages within that range, you may consider the following factors: (1) Defendants' state of mind; (2) the expenses saved, and profits earned, by Defendants; (3) the revenue lost by

Plaintiffs; (4) the deterrent effect of the award, both on Defendants and others; (5) Defendants'
cooperation in providing evidence concerning the value of the infringing material; and (6) the
conduct and attitude of the parties.

A precise dollar range for statutory damages is set by the federal Copyright Act.   The
standard dollar range for statutory damages is between $750 and $30,000 per work infringed.
However, that range can be adjusted up or down depending on whether the infringement was
willful or innocent, which I will explain in greater detail shortly.  If an infringement is willful,
the top of the range of statutory damages goes up to $150,000 per work.  If an infringement is
innocent, the bottom of the range of statutory damages goes down to $200 per work.[2]

In characterizing the nature of Defendants infringement, you must select only one of the
three choices: (1) neither willful nor innocent, (2) willful, or (3) innocent.  It is Plaintiffs' burden
to prove that by a preponderance of the evidence that the infringement was willful.

Infringement is willful if Defendants had actual knowledge that it was infringing
Plaintiffs' copyrights, or acted in reckless disregard of, or willful blindness to, the possibility of
infringement.  Reckless disregard means that Defendants behaved recklessly by ignoring the
possibility that their acts could constitute infringement.  Willful blindness means that Defendants
were aware of the high probability that their activities constituted infringement and consciously
avoided confirming that fact, for example, by failing to inquire further out of fear of the result of
that inquiry.  Defendants' infringement need not be intentional for you to find that it was willful.
You are also not limited to considering the specific infringing activity at issue in this litigation.
Rather, you may consider Defendants' overall course of conduct to the extent it informs your

---

[2] Plaintiffs object to any instruction on "innocent infringement," *see BDB I*, ECF Nos. 302, 369.
Plaintiffs renew, reserve, and do not waive that objection.  Nevertheless, they submit language
on innocent infringement in case the Court decides to instruct the jury on it.

decision as to whether Defendants engaged in an unreasonable pattern of conduct with respect to potential infringement.

An infringement is innocent if Defendants were not aware that their acts constituted infringement of copyright and had no reason to believe that their acts constituted infringement of the copyright.  To find that Defendants' infringement was innocent, you must find that Defendants (1) had a good faith belief that their conduct was innocent, and (2) that belief was reasonable under the circumstances.  It is Defendants' burden to prove by a preponderance of the evidence that the infringement was innocent.  For purposes of this determination, if you find that Defendants had access to published copies of Plaintiffs' textbooks that bore a notice of copyright, then you must not find their infringement was innocent.  Such a notice must include (1) the "copyright" symbol (a letter C in a circle), or the word "Copyright" or abbreviation "copr."; (2) the year of the first publication of the copyrighted work; and (3) the name of the copyright owner, or a recognizable abbreviation.

Infringement is "willful" where the infringer either knew that its actions infringed the plaintiff's trademark or acted with reckless disregard of the plaintiff's rights, meaning that it harbored actual doubts about its rights to make use of the work and yet willfully proceeded to do so without investigating further.  If you determine that a Defendant reasonably believed its conduct was permissible or was the result of only negligence, or simple mistake or accident, then you should find that Defendant did not willfully infringe.  You may infer a defendant's state of mind, including reckless disregard, from its conduct.  It is Plaintiffs' burden to prove by a preponderance of the evidence that the infringement was willful.  You should evaluate each Defendant separately when assessing willfulness.

Infringement is innocent if the infringer was not aware, and had no reason to believe, that its acts constituted an infringement. It is each Defendant's burden to prove that the infringement was innocent. The level of sophistication of each of the Defendant's businesses is a factor you should consider in determining whether each Defendant's infringement was innocent. Other factors you should consider are the customs in the relevant trade or industry and the overall circumstances at the time the textbooks were disseminated.

Authority: Adapted from MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK AND TRADE DRESS LITIGATION: 1.7.4 "Statutory Damages" ABA Section of Litigation (2008); Jury Charge Regarding Damages, at 4:3-8:14, *Capitol Records, Inc. v. MP3Tunes, LLC*, No. 07 CV 9931 (WHP) (S.D.N.Y. Mar. 25, 2014) (Pauley, J.); 17 U.S.C. §§ 401 & 504(c); *Bryant v. Media Right Prods.*, 603 F.3d 135, 144 (2d Cir. 2010); *N.A.S. Imp., Corp. v. Chenson Enters.*, 968 F.2d 250, 253 (2d Cir. 1992); *Beastie Boys v. Monster Energy Co.*, 66 F. Supp. 3d 424, 439 (S.D.N.Y. 2014); *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 35 (2d Cir. 2012); *Caffey v. Cook*, 409 F. Supp. 2d 484, 504 (S.D.N.Y. 2006); *Fendi Adele S.R.L. v. Filene's Basement, Inc.*, 696 F. Supp. 2d 368, 393 (S.D.N.Y. 2010); *Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC*, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009); *Wilen v. Alt. Media Net, Inc.*, No. 03 Civ. 2524 (RMB)(JCF), 2005 WL 167589, 2005 U.S. Dist. LEXIS 1034, at *17 (S.D.N.Y. Jan. 26, 2005); *Childress v. Taylor*, 798 F. Supp. 981, 994 (S.D.N.Y. 1992); *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002)*; RSO Records, Inc. v. Peri*, 596 F. Supp. 849, 862-63 (S.D.N.Y. 1984); *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.* 519 F. Supp. 730, 732-33 (S.D.N.Y. 1981); *Odegard, Inc. v. Costikyan Classic Carpets*, 963 F. Supp. 1328, 1341 (S.D.N.Y. 1997); *Wilen v. Alt. Media Net, Inc.*, 2005 U.S. Dist. LEXIS 1034, at *17 (S.D.N.Y. Jan. 25, 2005); 6 Patry on Copyright § 22:174 (2018).

## **PLAINTIFFS' ARGUMENT**

The language marked in red concerning Defendants' ability to pay should remain because it is a legally correct statement and will help to avoid confusion on the issues. *See, e.g., Wilen v. Alt. Media Net, Inc*., 2005 U.S. Dist. LEXIS 1034, at *17 (S.D.N.Y. Jan. 25, 2005) (finding that "a defendant's ability to pay damages is not generally a factor that is considered in determining the amount of statutory damages awarded under the [Copyright] Act."). Defendants have kept poor records and, time and again, resisted discovery on financial issues. They must not be able to argue that they have a limited ability to pay and then mislead a jury into believing that their financial condition warrants a lesser award.

Plaintiffs object to Defendants' proposed language on willful infringement (marked in blue) because it is inaccurate and incomplete. In particular, Defendants' recitation that reckless

disregard means that the infringer "harbored actual doubts about its rights to make use of the work and yet willfully proceeded to do so without investigating further" is legally tenuous at best, as it has only been cited in two cases in this district to which Plaintiffs are aware, neither of which in the context of reciting the definition of reckless disregard.  *See Beastie Boys v. Monster Energy Co.*, 66 F. Supp. 3d 424, 440 n.10 (S.D.N.Y. 2014) (included in jury instruction without objection); *Agence Fr. Presse v. Morel*, No. 10-cv-2730 (AJN), 2014 WL 3963124, 2014 U.S. Dist. LEXIS 112436, at *12 (S.D.N.Y. Aug. 13, 2014) (stated in dicta discussing willful infringement generally).  Plaintiffs submit that their proposed language marked in red is a more accurate recitation of the law, grounded in Second Circuit precedent, and in line with the great weight of authority that Plaintiffs provided above.

Finally, Plaintiffs object to Defendants' proposed language on innocent infringement (marked in blue) because it is legally inaccurate.  The instruction is incomplete because it does not inform the jury that innocent infringement requires a showing that Defendants held a good faith belief that was objectively reasonable under the circumstances.  *See Childress v. Taylor*, 798 F. Supp. 981, 994 (S.D.N.Y. 1992) ("[A] defendant is entitled to such reduced minimum only if he proves not only that his infringing conduct was made in a good faith belief of the innocence of his conduct, but also that he was reasonable in holding such good faith belief.") (citing 4 Nimmer on Copyright § 14.04[B][2][a]).  It is also incomplete in that it fails to inform the jury that if a notice of copyright appears on the published copy or copies to which Defendants had access, then no weight shall be given to Defendants' interposition of a defense based on innocent infringement. *See* § 401(d).  Finally, Defendants instruct the jury that it should consider hypothetical "customs in the relevant trade or industry" without any basis in the law, or any findings that such customs are even applicable.  Instead, although any "innocent infringement" instruction is included over Plaintiffs' objection, *see BDB I*, ECF Nos. 302, 369, which Plaintiffs renew, reserve, and do not waive, Plaintiffs' have provided (marked in red) a correct statement concerning innocent infringement.

## DEFENDANTS' ARGUMENT

Defendants object to Plaintiffs' proposed insertion " In determining the proper amount of the statutory damages award within the ranges provided, you need not consider the Defendants' ability to pay those damages," on grounds that (1) instructing the jury on what they need ***not*** consider and what any award need ***not*** be based on is confusing, prejudicial and argumentative; and (2) it is an inaccurate statement of the law, insofar as a defendant's "ability to pay" is relevant to among other things, "the deterrent effect of the award" and the purpose of statutory damages to penalize the infringer.

Defendants contend their instruction on "willful" copyright infringement comports more closely with case law and pattern jury instructions.  Plaintiffs' inclusion of "willful blindness" as part of their instruction on whether infringement was "willful" is confusing, prejudicial and unnecessary, since among other the "willful blindness" standard is more stringent than Plaintiffs' own definition of "reckless disregard."

Plaintiffs' instruction concerning copyright notices precluding innocent infringement is not accurate.  While "innocent infringement" is often used as a shorthand reference to the provisions

of 17 U.S.C. § 504(c)(2), the term does not appear in that section.  Instead, § 504(c)(2) unambiguously states, "In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."

The irrelevant language Plaintiffs cite from 17 U.S.C. § 401(d) addresses the "evidentiary weight of notice" applicable to one who is defined as an "innocent infringer" under § 405(b).  The Copyright Act's plain language shows that § 504(c)(2) is not limited to the "innocent infringers" of §§ 401, 402 and 405.

<u>Joint Proposed Jury Instruction No. 10</u>

**Statutory Damages – Copyright: One Award Per Work Infringed**

Each work protected by a copyright registration is entitled to one award of statutory

damages within the range I specified.  You must make one and only one award of statutory

damages for each "work" infringed.  This remains true no matter how many infringing copies

have been made or how many of the Defendants jointly participated in infringing the work.

For purposes of these cases, you are to regard each of the different textbook titles that you find

Defendants infringed, as a separate "work" for purposes of statutory damages awards.  A

plaintiff seeking compensation for the same injury under different legal theories is entitled to

only one recovery.  A plaintiff may not obtain a double recovery where statutory damages for

both copyright and trademark infringement are sought for the same work.

Authority:  Adapted from MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK AND TRADE
DRESS LITIGATION: 1.7.6. "One Statutory Damages Award Per Work" ABA Section of Litigation
(2008); Jury Charge on Damages at 8:15-22, *Capitol Records, Inc. v. MP3Tunes, LLC*, No. 07
CV 9931 (WHP) (S.D.N.Y. Mar. 25, 2014) (Pauley, J.); *Indu Craft, Inc. v. Bank of Baroda*, 47
F.3d 490, 497 (2d Cir. 1997) ("a plaintiff seeking compensation for the same injury under
different legal theories is of course entitled to only one recovery");*Computer Assocs. Int'l, Inc. v.
Altai, Inc*., 982 F.2d 693, 720 (2d Cir. 1992) (a party "may not obtain a double recovery where
the damages for copyright infringement and trade secret misappropriation are co-
extensive"); *Telebrands Corp. v. HM Import USA Corp*., No. 09-CV-3492 (ENV)(RLM), 2012
WL 3930405, at *6-8 (E.D.N.Y. July 26, 2012), *report and recommendations adopted*, 2012 WL
3957188 (E.D.N.Y. Sept. 10, 2012) (declining to award statutory damages under both the
Lanham Act and the Copyright Act, and stating "the clear weight of authority in this Circuit does
not support plaintiff's demand for dual statutory damages for the same infringed product").

**PLAINTIFFS' ARGUMENT**

Plaintiffs object to the language marked in blue.  Defendants first provided it to Plaintiffs mid-
day of this filing, without leaving Plaintiffs time to respond.  Plaintiffs reserve their right to
supplement their objections and propose different language.  Just as importantly, Defendants'
proposed language is confusing and prejudicial.  Instruction No. 7 already provides the jury with
a comprehensive explanation on how Plaintiffs do not seek dual recovery, explaining the
breakdown of the titles across copyright versus trademark damages (but not both).  Defendants'
ask for the language to be repeated here only to confuse the jury and prejudice Plaintiffs
concerning the amounts to be lawfully awarded.

25

Contrary to Defendants' argument below, Plaintiffs do not seek double recovery for any infringement.  Nor do Plaintiffs have a "new trial strategy."  Rather, Plaintiffs seek copyright damages for some works and trademark damages for other works.  Defendants cite no authority to support their contention that this is somehow improper.  For years Defendants have insisted that Plaintiffs' claims must be proven on a work-by-work basis and their position below is wholly inconsistent with that.

## DEFENDANTS' ARGUMENT

Defendants object to Plaintiffs' seeking trademark and copyright damages on a work-by-work basis.  A plaintiff may not obtain a double recovery where statutory damages for both copyright and trademark infringement are sought for the same work.  It was only at 6:32 pm on March 9, 2018, that Plaintiffs indicated which works they were seeking trademark damages for and which ones they were seeking copyright damages for.  A work-by-work damages analysis is likely confuse the jury and would require a modification to the pre-trial order to allow for the submission of new exhibits reflecting Plaintiffs' new trial strategy.  Plaintiffs should be ordered to elect either trademark or copyright damages.  That being said, if Plaintiffs are allowed to pursue both theories on a work-by-work basis, the legal support for the proposed language is undisputed and should be provided to the jury.

## III.    LIMITING INSTRUCTIONS

### Joint Proposed Jury Instruction No. 11

### "too good to be true" pricing

During this trial, Plaintiffs argued that Defendants purchased books at prices "too good to be true" for certain works in *Book Dog Books I.*  For the works in *Book Dog Books II*, Plaintiffs have not argued that Defendants purchases books at prices "too good to be true."  To the extent you consider whether the pricing of certain works at issue in was "too good to be true," you may do so only in *Book Dog Books I* where Plaintiffs have provided evidence of (1) what the appropriate international or domestic pricing of those works should have been, and (2) the prices that Defendants actually paid to acquire those works.

26

Authority:  Order, *Cengage Learning, Inc. v. Book Dog Books, LLC*, No. 13-cv-0713-WHP-GWG (S.D.N.Y. Jan. 23, 2018) (ECF No. 303)


## PLAINTIFFS' ARGUMENT

Nothing in the authority that Defendants rely upon, *i.e.*, ECF No. 303, supports the language marked in blue.  It merely notes that, as of that date, the Court had not ruled on Defendants' preclusion request and that Defendants could raise the issue with Gorenstein.  When Defendants did so move, Judge Gorenstein rejected the motion and found no support for Defendants' theory that Plaintiffs must provide appropriate international or domestic pricing.  (ECF No. 319.)  And he expressly denied Defendants' motion to preclude the "too good to be true" argument as to titles for which Plaintiffs did not produce their international sales and pricing data.  Defendants offer no support for their rigid instruction, which seems to call for a side-by-side comparison.  But, even apart from such a comparison, there may be other testimony or documents at trial that allow a jury to conclude that, for certain works in *Book Dog Books I*, Defendants purchased the books at prices "too good to be true."


## DEFENDANTS' ARGUMENT

It is both legally and logically impossible to make a too-good-to-be-true pricing argument if Plaintiffs cannot provide evidence of what an appropriate price should be and what price Defendants paid for particular books.  Plaintiffs' invocation of Justice Gorenstein's preclusion order is a red herring because the issue is simply whether there is any factual or legal basis to make a too-good-to-be-true pricing argument, not whether Plaintiffs are precluded from making the argument because of discovery deficiencies.

## IV.   INFERENCE INSTRUCTIONS

### Joint Proposed Jury Instruction No. 12

### Permissive Adverse Inference – Destruction of Evidence

You heard evidence during the course of trial that in the first case, Defendants destroyed textbooks that had been set aside as potentially counterfeit and that Defendants failed to maintain records regarding those books.  Plaintiffs contend that Defendants' actions prevented Plaintiffs from discovering additional evidence of Defendants' infringement.  In your deliberations, you may, but need not, consider Defendants' destruction practices and failure to retain records in determining whether Defendants infringed Plaintiffs' copyrights and trademarks in the first case. Specifically, you may, but need not, infer that the destroyed evidence would have been unfavorable to Defendants and would have assisted Plaintiffs in proving their claims and damages.

Authority:  Memorandum & Order, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13-cv-816-WHP-GWG, at 6-7 (S.D.N.Y. Apr. 12, 2016) (ECF No. 353) (finding Defendants failed "to retain records of counterfeits", stating that Book Dog's "shoddy record-keeping will serve as its own sanction", and indicating "this Court will instruct the jury that it may consider document destruction practices in determining whether [Defendants] infringed the Publishers' copyrights and trademarks"); Opinion and Order, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13-cv-816-WHP-GWG, at 17 n.3 (S.D.N.Y. Oct. 2, 2015) (ECF No. 309) (explaining that a "permissive adverse inference instruction does not necessarily reflect a sanction and its delivery to a jury does not require the same findings necessary to impose a spoliation sanction"); *Mali v. Fed. Ins. Co.*, 720 F.3d 387, 391-94 (2d Cir. 2013); *Klipsch Group, Inc. v. Big Box Store Ltd.*, No. 12 Civ. 6283 (VSB) (MHD), 2014 U.S. Dist. LEXIS 31509, at *10 (S.D.N.Y. Mar. 4, 2014); *Tchatat v. O'Hara*, No. 14 Civ. 2385 (LGS), 2017 WL 3172715, 2017 U.S. Dist. LEXIS 116487, at *32 (S.D.N.Y. July 25, 2017).

## Plaintiffs' Proposed Jury Instruction No. 1

### Mandatory Adverse Inference – Defendants' Violation of Court Orders

During the course of this case, Defendants refused to comply with Court orders requiring them to identify all of their companies that sell or rent textbooks to others and to provide information about their companies' activities, including concerning the textbook titles at issue in these cases. Defendants' refusal to provide that information deprived Plaintiffs of the ability to learn about and present to you certain evidence regarding Defendants' textbook rental business, distribution of books and profits. Given Defendants' violations of Court orders to produce complete information about their rental activity, you must infer that the evidence Defendants refused to provide would have been unfavorable to Defendants had it been provided and would have assisted Plaintiffs in proving their claims and damages.

Authority: *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) ("Where . . . the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction, including . . . to proceed with a trial and give an adverse inference instruction."); *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 54-55 (S.D.N.Y. 2014) (stating, "a court . . . may grant an adverse inference instruction for the non-production of evidence" and concluding that the fact finder "may, without more, determine that the . . . records that [defendant] has failed to produce would have supported [plaintiff's] claims").

## PLAINTIFFS' ARGUMENT

This instruction is included as a placeholder, pending resolution of Plaintiffs' Renewed and Expanded Motion for Sanctions.

## DEFENDANTS' ARGUMENT

For the reasons set forth at length in briefing about these issues, Defendants believe these instructions are unwarranted, prejudicial and argumentative

## Plaintiffs' Proposed Jury Instruction No. 2

### Mandatory Adverse Inference – Defendants' Violation of Court Orders

During the course of this case, Defendants refused to comply with Court orders requiring them to provide certain financial information for their companies.  Defendants' refusal to provide that information deprived Plaintiffs of the ability to learn about and present to you certain information regarding Defendants' financial situation, including the extent of its profits. Defendants' profits are a factor that you should consider in setting an appropriate statutory damage award, if any, to serve the dual purpose of deterrence and punishment.  The information Defendants refused to provide is relevant to that consideration.  Given Defendants' violations of Court orders to produce complete information on Defendants' profits and other financials, you must infer that if that had been produced it would have shown higher profits than demonstrated by the records Defendants produced and would have assisted Plaintiffs in proving entitlement to higher damages.

Authority:  *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) ("Where . . . the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction, including . . . to proceed with a trial and give an adverse inference instruction."); *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 54-55 (S.D.N.Y. 2014) (stating, "a court . . . may grant an adverse inference instruction for the non-production of evidence" and concluding that the fact finder "may, without more, determine that the . . . records that [defendant] has failed to produce would have supported [plaintiff's] claims").


## PLAINTIFFS' ARGUMENT

This instruction is included as a placeholder, pending resolution of Plaintiffs' Renewed and Expanded Motion for Sanctions.

## DEFENDANTS' ARGUMENT

For the reasons set forth at length in briefing about these issues, Defendants believe these instructions are unwarranted, prejudicial and argumentative

## V.      AFFIRMATIVE DEFENSES

### Joint Proposed Jury Instruction No. 13

### Statute of Limitations / Laches

**Defendants' Proposed Instruction**

*Copyright*

Defendants claim that Plaintiffs' copyright claim is barred, in part, by the statute of limitations, which is a time limit for bringing a claim.

To establish that the statute of limitations bars Plaintiffs' copyright claim, Defendants must prove by a preponderance of the evidence that Plaintiffs filed their lawsuit more than three years after the date of sale.

Each act of infringement is a separate harm that creates an independent claim for relief. The statute of limitations prevents Plaintiffs from recovering remedies for any infringing acts that occurred more than three years before Plaintiffs filed their lawsuit.

In this case Plaintiffs filed a lawsuit for one set of works on Feb. 4, 2013. Plaintiffs filed a lawsuit for another set of works on May 27, 2015.  Plaintiffs filed a lawsuit for a third set of works on September 12, 2016.  You have been given a list showing which works were included in each lawsuit.

For works included in the third lawsuit only, the statute of limitations prevents Plaintiffs from recovering remedies for infringing acts that occurred before September 12, 2013.

*Trademark*

In addition, Defendants contend that Plaintiffs are not entitled to recover damages for trademark infringement, trademark counterfeiting, false designation of origin, or illegal

32

importation of trademarked goods that occurred before it filed a lawsuit because: (1) Plaintiffs

delayed filing the lawsuit for an unreasonably long and inexcusable period of time, and

(2) Defendants have been or will be prejudiced in a significant way due to Plaintiffs' delay in

filing the lawsuit. This is referred to as laches. Defendants must prove delay and prejudice by a

preponderance of the evidence.

      Whether Plaintiffs' delay was unreasonably long and unjustified is a question that must

be answered by considering the facts and circumstances as they existed during the period of

delay. There is no minimum amount of delay required to establish laches. If suit was delayed for

six years, a rebuttable presumption arises that the delay was unreasonable and unjustified, and

that material prejudice resulted.  This presumption shifts the burden of proof to Plaintiffs to come

forward with evidence to prove that the delay was justified or that material prejudice did not

result, and if Plaintiffs present such evidence, the burden of proving laches remains with

Defendants. Laches may also be found for delays of less than six years if there is proof of

unreasonably long and unjustifiable delay causing material prejudice to Defendants.

      In this case Plaintiffs filed a lawsuit for one set of works on Feb. 4, 2013.  Plaintiffs filed

a lawsuit for another set of works on May 27, 2015. Plaintiffs filed a lawsuit for a third set of

works on September 12, 2016.  You have been given a list showing which works were included

in each lawsuit.

      If you find unreasonable and unjustified delay occurred, to find laches, you must also

determine if Defendants suffered material prejudice as a result of the delay. Prejudice to

Defendants can be evidentiary or economic.

      Whether Defendants suffered evidentiary prejudice is a question that must be answered

by evaluating whether delay in filing this case resulted in Plaintiffs not being able to present a

full and fair defense on the merits to Plaintiffs' trademark infringement, trademark counterfeiting, false designation of origin, and illegal importation of trademarked goods claims. Not being able to present a full and fair defense on the merits to these claims can occur due to the loss of important records, the death or impairment of an important witnesses, the unreliability of memories about important events because they occurred in the distant past, or other similar types of things.

Economic prejudice is determined by whether or not Defendants changed their economic position in a significant way during the period of delay resulting in losses beyond merely paying damages. For instance, if Defendants could have switched to a non-infringing product if sued earlier or whether Defendants' losses as a result of that change in economic position likely would have been avoided if Plaintiffs had filed this lawsuit sooner.

In all scenarios though, the ultimate determination of whether laches should apply in this case is a question of fairness, given all the facts and circumstances. You may also find that, even though the elements of laches have been established, it should not in fairness apply given all the facts and circumstances in this case.

**Legal Sources:**  Court of Appeals for the Eleventh Circuit Pattern Jury Instructions § 9.26 (2013); 17 U.S.C. § 507(b) (providing a 3-year statute of limitations on any claim under the Copyright Act); *Petrella v. MGM*, 134 S. Ct. 1962, 1969 (2014) ("A copyright claim thus arises or accrues when an infringing act occurs."); *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191-92 (2d Cir. 1996); *Fendi Adele S.R.L. v. Filene's Basement, Inc.*, 696 F. Supp. 2d 368, 380–81 (S.D.N.Y. 2010); Federal Circuit Bar Association Pattern Patent Jury Instructions § 5.2 [2012]; *In re Estate of Barabash*, 31 N.Y.2d 76, 81 (1972) ("Laches is defined as "such neglect or omission to assert a right as, taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity."); Federal Circuit Bar Association Pattern Patent Jury Instructions § 5.2 (2012); 15 U.S.C. § 1125(C); *Charles Atlas, Ltd. v. DC Comics, Inc.*, 112 F. Supp. 2d 330, 334 n.7 (S.D.N.Y. 2000) ("The applicable statute of limitations for plaintiff's second cause of action, trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c)(1), is three years.").

**<span style="color:red">Plaintiffs' Proposed Instruction</span>**

Defendants contend that Plaintiffs' copyright claims are barred, in part, by the statute of limitations, which is a time limit for bringing a claim. The Court has already determined that the copyright claims that Plaintiffs brought in their first lawsuit (*Book Dog Books I*) are not barred by the statute of limitations. Thus, if you find that Defendants infringed any of the one-hundred and twenty-two (122) works in the first case, the statute of limitations provides no defense to that infringement. For purposes of this trial, my prior determination is settled and conclusive and you are not to second-guess that finding. Instead, you are only required to determine whether Defendants' statute of limitations defense bars Plaintiffs' copyright claims for any of the textbook titles in the second lawsuit (*Book Dog Books II*).

To establish that the statute of limitations bars Plaintiffs' copyright infringement claim for the twenty (20) textbook titles in the second lawsuit (*Book Dog Books II*), Defendants must prove by a preponderance of the evidence that the infringement of that title occurred prior to September 12, 2013, three years prior to when Plaintiffs filed their second lawsuit. If you find that Defendants did not meet their burden in proving this, then you must reject the statute of limitations defense that Defendants contend applies in the second lawsuit. Even if Defendants meet their burden, however, if Plaintiffs prove by a preponderance of the evidence that they did not know of or have reason to know of the alleged copyright infringement until after September 12, 2013, then you must find that Plaintiffs' copyright claim for the textbook title in the second lawsuit is not barred by the statute of limitations.

Authority: *See* Opinion & Order, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 1:13-cv-00816-WHP-GWG (S.D.N.Y. Sept. 19, 2016) (ECF No. 367) (affirming Report & Recommendation granting Plaintiffs summary judgment on Defendants' statute of limitations claims); *Mahan v. ROC Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016) ("A claim accrues when a reasonably diligent plaintiff knows or has reason to know of the injury upon which the claim is premised.").

**PLAINTIFFS' ARGUMENT**

Plaintiffs object to Defendants' proposal because it is inaccurate and misleads the jury. Defendants' instruction ignores that the Court already denied Defendants' statute of limitations claims with respect to all *Book Dog Books I* works, and the laches defense in its entirety. *See* Sept. 19, 2016 Opinion & Order (*BDB I*, ECF No. 367) (affirming Report & Recommendation granting Plaintiffs summary judgment on Defendants' statute of limitations and laches defenses).

With respect to the *Book Dog Books II* works, Plaintiffs included an instruction above only in an abundance of caution.  Defendants do not have a shred of factual support toward showing any of the works in *Book Dog Books II* are barred by the statute of limitations.  Defendants have pled the defense, and now seek the jury instruction, without any basis.  Accordingly, Plaintiffs request the Court reserve making any decision as to whether to include a statute of limitations instruction for the *Book Dog Books II* works until it can determine whether there is a possible factual basis for such defense.

To the extent any instruction is given, Plaintiffs note that what Defendants provided contains significant problems.  Plaintiffs have pointed these out to Defendants previously, yet they remain nonetheless.  Factually, Plaintiffs filed two lawsuits, not three, and, with respect to Defendants' statute of limitations defense, the Court granted Plaintiffs summary judgment relating to all works in the first lawsuit.  Legally, the instruction neglects to explain that courts in the Second Circuit follow the discovery rule.  *See, e.g. Mahan v. ROC Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016) ("A claim accrues when a reasonably diligent plaintiff knows or has reason to know of the injury upon which the claim is premised."); *Papazian v. Sony Entm't*, No. 16-cv-07911 (RJS), 2017 U.S. Dist. LEXIS 164217, at *9 (S.D.N.Y. Sept. 28, 2017) ("[C]ourts in the Second Circuit have continued to follow the discovery rule . . . and the Court can find no reason to depart from that approach here.").  To the extent that the Court include such an instruction, Plaintiffs proposal is more aligned with the law and applicable standards.

Defendants have been advised of these errors multiple times but refuse to meet-and-confer on the instruction or remove it.

**DEFENDANTS' ARGUMENT**

Defendants may properly assert a statute of limitations defense for infringement activity that was or could have been discovered more than three years prior to the filing of *Book Dog Books II*. The books over which Defendants have brought suit in *Book Dog Books II* were obtained from large distributors such as MBS and Follett.  And both entities have been cooperatively producing potentially counterfeit books to the publishers for years, in some cases since 2007.
To the extent that testimony shows that Plaintiffs had access to the allegedly counterfeit books more than three years prior to the filing of *Book Dog Books II*, Defendants may properly assert a statute of limitations defense.

**Defendants' Proposed Jury Instruction No. 1**

**Good Faith/Innocent Infringement**


If you find for the Plaintiffs on the Plaintiffs' copyright infringement claim, you must determine the Plaintiffs' damages.  The Plaintiffs seek a statutory damage award, established by Congress for each work infringed.  Its purpose is to compensate the copyright holder and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

    1.      the defendant was not aware that its acts constituted infringement of the copyright; and

    2.      the defendant had no reason to know that its acts constituted an infringement of the copyright.


Authority: Court of Appeals for the Ninth Circuit Pattern Jury Instructions §§ 17.25, 17.26 (2014); Court of Appeals for the Eleventh Circuit Pattern Jury Instructions § 9.32 (2013); 17 U.S.C. § 504(c).


**PLAINTIFFS' ARGUMENT**

Plaintiffs object to this instruction in its entirety.  Defendants have been advised of the reasons for Plaintiffs' objections but refuse to meet-and-confer on the instruction or remove it.

Specifically, Plaintiffs object for three reasons:

1)  This instruction is unnecessary in light of the parties' comprehensive instruction on copyright statutory damages, which addresses both innocent infringement and willful infringement.  The jury will already be instructed on innocent infringement while being advised on damages.

2)  Innocent infringement is not a defense to liability.  Presenting it to the jury as an affirmative defense risks confusion and prejudice.  It is confusing to the jury, and prejudicial to Plaintiffs, if the jury is advised to consider innocent infringement for a second time as a purported "affirmative defense.

3)  The instruction is incomplete.  Defendants' instruction fails to inform the jury that innocent infringement requires a showing that Defendants held a good faith belief that was objectively reasonable under the circumstances.  *See Childress v. Taylor*, 798 F. Supp. 981, 994 (S.D.N.Y. 1992) ("[A] defendant is entitled to such reduced minimum only if he proves not only that his infringing conduct was made in a good faith belief of the innocence of his conduct, but also that he was reasonable in holding such good faith belief.") (citing 4 Nimmer on Copyright § 14.04[B][2][a]).  Defendants' instruction also fails to indicate that if the jury finds that Defendants had access to published copies of Plaintiffs' textbooks that bore a notice of copyright, then they must not find Defendants' infringement was innocent.

## DEFENDANTS' ARGUMENT

The parties and met conferred extensively about this instruction but Plaintiffs maintained their objections.  Defendants bear the burden of proving innocent infringement and, therefore, are entitled to an instruction explaining how that burden can be met.

**Defendants' Proposed Jury Instruction No. 2**

**Excessive Statutory Damages**

The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments.  If you find for the Plaintiffs on the Plaintiffs' copyright infringement claim and award statutory damages, the Due Process Clause provides that those damages cannot be totally disproportionate to the actual harm caused by Defendants' conduct.  One indication of a disproportionate or excessive statutory damages award is its ratio to the actual harm inflicted on the plaintiff.

Authority: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919); *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 22 (2d Cir. 2003) ("in a sufficiently serious case," due process may require courts to reduce a statutory-damage award); *In re Napster*, Nos. C MDL-00-1369 MHP & C 04-1671 MHP, 2005 WL 1287611, at *10 (N.D. Cal. June 1, 2005) ("a number of courts have recognized that an award of statutory damages may violate due process if the amount of the award is 'out of all reasonable proportion' to the actual harm caused by a defendant's conduct"); *DirecTV v. Gonzalez*, No. Civ.A.SA-03-1170 SR, 2004 WL 1875046, at *4 (W.D. Tex. Aug. 23, 2004) ("it may be that a statutory damages provision that grossly exceeds any actual damages would violate due process as 'an irrational and arbitrary deprivation of the property of the defendant.'").

**PLAINTIFFS' ARGUMENT**

Plaintiffs object to this instruction in its entirety and on multiple grounds.  Defendants have been advised of the grounds for Plaintiffs' objections but have refused to meet-and-confer on the instruction or remove it.  Specifically, Plaintiffs assert:

1. Defendants propose this instruction for the improper purpose of seeking jury nullification. Defendants have been unable to provide a single instance of a jury ever being so instructed. Indeed, such an instruction would be incredibly confusing to a jury and prejudicial to Plaintiffs.

2. Whether damages are excessive is not a defense to liability.  Presenting it to the jury as an affirmative defense risks confusion and prejudice.  It is confusing, and prejudicial to Plaintiffs, if the jury is so advised to consider this purported "affirmative defense."

3. Whether damages are excessive is an issue for the Court post-trial, not an instruction for the jury.  *See* 12-59 Moore's Federal Practice – Civil § 59.13[2][g][iii]; *see also Dagnello v. Long Island R. Co.*, 289 F.2d 797, 806 (2d Cir. 1961) (holding that whether damages exceed upper limit is "not a question of fact . . . but a question of law.").

4. The instruction is legally inaccurate and contains wholly inapplicable law.  It discusses punitive damages guideposts, which fall under a wholly different standard than statutory damages.  For statutory damages, it "makes no sense to consider the disparity between actual harm and statutory damages when statutory damages are designed precisely for instances where actual harm is difficult or impossible to calculate."  *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907-08 (8th Cir. 2012); *see also Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113 (2d Cir. 2001) (rejecting defendant's argument that the jury award should be altered solely on the ground that it "bears little relationship" to actual damages); *Zomba Enters. v. Panorama Records, Inc.*, 491 F.3d 574, 586-587 (6th Cir. 2007) (noting that both *Gore* and *Campbell* addressed due-process challenges to punitive-damages awards, not statutory damages and that the Supreme Court has never indicated that *Gore* and *Campbell* apply in such cases); *Sony BMG Music Entm't v. Tenenbaum,* 660 F.3d 487, 513 (1st Cir. 2011) (explaining that the punitive damage guideposts do not extend to constitutional review of statutory damage awards because the concerns regarding fair notice to the parties of the range of possible punitive damage awards are simply not present where the statute itself provides notice of the scope of the potential award).

**DEFENDANTS' ARGUMENTS**

To the extent Plaintiffs seek statutory damages untethered to any actual evidence of damages – the jury should be instructed that they are prohibited from awarded excessive damages.  The United States Supreme Court has directed courts to identify constitutionally excessive punitive damage awards by balancing "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003) (citing *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996)).

**Defendants' Proposed Jury Instruction No. 3**

**Lack of Standing**

Defendants claim that the Plaintiffs do not have the legal rights necessary to bring their copyright claims. The Copyright Act authorizes only two types of claimants to sue for copyright infringement: (1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights.

If Defendants can show for any individual work that Plaintiffs are neither the owner of the copyright nor the exclusive licensee, then you must find in favor of Defendants for any copyright claims involving that work

Authority: *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 32 (2d Cir. 1982) ("The Copyright Act authorizes only two types of claimants to sue for copyright infringement: (1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights."); 17 U.S.C.A. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it.").

**PLAINTIFFS' ARGUMENT**

Plaintiffs object to this instruction in its entirety. This instruction is wholly unnecessary because the Court is already instructing the jury that Plaintiffs have the burden to prove ownership. *See* Dec. 8, 2017 Memorandum & Order, at 4 (*BDB II* ECF No. 270) ("Ownership of a valid copyright for each work is an essential element that Plaintiffs must establish."). A separate instruction is confusing to the jury and unfairly prejudices Plaintiffs. If Plaintiffs cannot prove their copyright claim, there is no reason for a jury to consider this issue as an "affirmative defense." Likewise, if the jury finds that Plaintiffs proved their copyright claim, there is no reason for the jury to consider – for a second time – whether Plaintiffs have established that they either own the copyrights or hold exclusive licenses.

**DEFENDANTS' ARGUMENT**

Plaintiffs are required to prove that they own the copyrights in question. Plaintiffs' failure to do so is not an affirmative defense; it is an element of a claim under the Copyright Act. To the extent Plaintiffs they fail to do so – which appears probable, since some of the copyright

41

registrations are in the names of third-parties – Defendants reserve the right to argue that Plaintiffs have not proven their prima facie case.

**Defendants' Proposed Jury Instruction No.  4**

**Preemption**

Defendants claim that Plaintiffs' contract is preempted by the copyright act.  Under

Section 301 of Copyright Act a claim is pre-empted, that is to say, it cannot be brought, if (i) the

work at issue comes within the subject matter of copyright and (ii) the right being asserted is

equivalent to any of the exclusive rights within the general scope of copyright.

If you find that Plaintiffs' contract claims are equivalent to the claims they have asserted

under the Copyright act, you must find for Defendants on the breach of contract claims.

Authority: *We Shall Overcome Foundation, v. The Richmond Organization, Inc.*, 221 F.Supp.3d 396, 410-13 (S.D.N.Y. 2016) (Cote, J.) ("There is a two-prong test for a preemption analysis. Section 301 of the Copyright Act preempts a state law claim if: (i) the work at issue comes within the subject matter of copyright and (ii) the right being asserted is equivalent to any of the exclusive rights within the general scope of copyright.") (internal marks omitted);*Archie MC, Inc. v. Elsevier, Inc.*, Case No 16-cv-6614, 2017 WL 3421167, at *11 (S.D.N.Y. Mar. 13, 2017) (Rakoff, J.) ("The Copyright Act expressly preempts a state law claim 'if (i) the work at issue come[s] within the subject matter of copyright' and (ii) the right being asserted is equivalent to any of the exclusive rights within the general scope of copyright.'") (internal marks omitted) (*quoting Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012)); *Canal+Image UK Ltd. v. Lutvak*, 773 F. Supp. 2d 419, 446 (S.D.N.Y. 2011) (Holwell, J.) (dismissing contract claim as preempted because the licensing rights at issue stemmed from the Copyright Act).

## PLAINTIFFS' ARGUMENTS

Plaintiffs object to this instruction in its entirety.  Defendants have been advised of the grounds for Plaintiffs' objections but have refused to meet-and-confer on the instruction or remove it. Specifically, Plaintiffs assert:

1. Defendants propose this instruction for the improper purpose of seeking jury nullification. Defendants have been unable to provide a single instance of a jury ever being so instructed. Indeed, such an instruction would be incredibly confusing to a jury and prejudicial to Plaintiffs.

43

2. This instruction is improper because preemption is a question of law for the Court to decide, not the jury. *See Steel Inst. v. City of New York*, 832 F. Supp. 2d 310, 320 (S.D.N.Y. 2011) (stating that preemption is "a pure issue of law") (citing *Pac. Gas & Elec. Co v. State Energy Res. Conservation & Development Comm'n*, 461 U.S. 190, 201 (1983)); *Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 100 (2d Cir. 2009) ("[A] determination regarding preemption is a conclusion of law . . . .") (citation omitted).

3. Defendants' instruction is incomplete. It fails to recognize that "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action,' there is no preemption." *Forest Park Pictures*, 683 F.3d at 430 (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d *693*, 716 (2d Cir. 1992)). A claim for breach of a contract "is qualitatively different from a suit to vindicate a right included in the Copyright Act and is not subject to preemption" because it requires "mutual assent and valid consideration" and involves "rights only against the contractual counterparty, not the public at large." 683 F.3d at 433.

4. Defendants argument below is wrong on the merits. They misapprehend copyright preemption as it pertains to the 2008 Settlement Agreement.


**DEFENDANTS' ARGUMENTS**

Plaintiffs' breach of contract claims, as pled, appear to be identical to their copyright claims, each asserting that Defendants distributed copies of works that infringed on registered copyrights owned by Plaintiffs. To the extent that no other breaches of the contract are shown, Defendants reserve the right to seek dismissal of Plaintiffs' breach of contract claims on preemption grounds. *See, e.g.*, *We Shall Overcome Foundation, v. The Richmond Organization, Inc.*, 221 F.Supp.3d 396, 410-13 (S.D.N.Y. 2016) (Cote, J.) ("There is a two-prong test for a preemption analysis. Section 301 of the Copyright Act preempts a state law claim if: (i) the work at issue comes within the subject matter of copyright and (ii) the right being asserted is equivalent to any of the exclusive rights within the general scope of copyright.") (internal marks omitted); *Archie MC, Inc. v. Elsevier, Inc.*, Case No 16-cv-6614, 2017 WL 3421167, at *11 (S.D.N.Y. Mar. 13, 2017) (Rakoff, J.) ("The Copyright Act expressly preempts a state law claim 'if (i) the work at issue come[s] within the subject matter of copyright' and (ii) the right being

44

asserted is equivalent to any of the exclusive rights within the general scope of copyright.'") (internal marks omitted) (*quoting Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012)); *Canal+Image UK Ltd. v. Lutvak*, 773 F. Supp. 2d 419, 446 (S.D.N.Y. 2011) (Holwell, J.) (dismissing contract claim as preempted because the licensing rights at issue stemmed from the Copyright Act).

**Defendants' Proposed Jury Instruction No. 5**

**Bankruptcy Discharge**

**Defendants' Proposed Instruction**:

Defendants claim that Plaintiff Cengage Learning's claims are barred by its 2013 bankruptcy and subsequent reorganization. In connection with bankruptcy, a bankrupt corporation may submit a plan for reorganization to the court, setting forth its assets and liabilities, including potential legal claims. Where a court approves a plan of reorganization for a bankrupt company, that plan eliminates legal claims that were not identified by the company on its plan.

If you find that Cengage Learning submitted a plan for reorganization and that plan was accepted by a bankruptcy court, you must determine whether its claims in this action were disclosed on that plan. If those claims were not disclosed, you must find for Defendants on all undisclosed claims.

Authority: *In re Am. Preferred Prescription, Inc.*, 266 B.R. 273, 277 (E.D.N.Y. 2000) ("a confirmed plan has preclusive effect under res judicata, even against parties who opposed it…[t]he case law, however, recognizes an exception to the res judicata bar where the debtor has reserved the right to object to claims in a plan..[but] [t]he majority of courts that have examined this issue have held that for this exception to apply, the plan must expressly reserve the right to pursue that particular claim post-confirmation and that a blanket reservation allowing for an objection to any claim is insufficient.") (collecting cases); *D & K Props. Crystal Lake v. Mutual Life Ins. Co. of New York*, Case No. 95 C 4974, 1996 WL 224517, at *4 (N.D. Ill. 1996) ("[A] blanket reservation of rights is insufficient to overcome the res judicata bar to the institution of a post-confirmation lawsuit imposed by a confirmed bankruptcy plan."), *aff'd*, 112 F.3d 257, 261 (7th Cir.1997) ("To avoid res judicata the reservation of a cause of action must be both express, as in writing, and express, as in specifically identified.").

**PLAINTIFFS' ARGUMENT**

Plaintiffs object to this instruction in its entirety. Defendants have been advised of Plaintiffs' objections but have refused to meet-and-confer on the instruction or remove it.

46

Specifically, Plaintiffs object to this instruction for the following reasons:

1.  As a preliminary matter, this is not a proper instruction for the jury because whether claim preclusion is a matter of law for the **Court** to decide, not the jury.  *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 280 (2d Cir. 2008) ("[T]he application of res judicata is an issue of law . . . .").  Defendants have been unable to provide a single instance of a jury ever being so instructed.  Indeed, such an instruction would be incredibly confusing to a jury and prejudicial to Plaintiffs.  Defendants only seek this instruction in an attempt to inflame the jury, paint Cengage in a bad light by referencing the bankruptcy, and hope for jury nullification.  Plaintiffs request the Court reign in Defendants from doing so.  If Defendants are allowed to present this baseless defense, their anticipated argument and evidence will be unduly prejudicial.

2.  Even if this instruction was a matter of fact for a jury to decide (which it is not), there is no basis for this affirmative defense.  Defendants are well aware that the approved plan of discharge expressly preserved Cengage's claims in *BDB I.*  Further, Cengage's claims in *BDB II* could not have been discharged because – in addition to being preserved as well - they had not yet accrued at the time of the bankruptcy court's approval.  Claim preclusion under res judicata only applies if the particular claim at issue had accrued at the time of the prior bankruptcy proceeding and actually could have been brought in at that time.  *Gache v. Hill Realty Assocs., LLC*, No. 13-CV-1650 (CS), 2014 U.S. Dist. LEXIS 133622, at *25–26 (S.D.N.Y. Sep. 22, 2014) (noting that "*new* conduct occurring after [settlement of first suit] that is sufficient to state one or more new causes of action" bars application of res judicata) (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 502 (2d Cir. 2014)) (emphasis in original); *Corestates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 204 (3d Cir. 1999) ("if the claim asserted in a later proceeding … could not have been raised during the bankruptcy proceeding because the cause of action had not yet accrued, the plaintiff is not precluded from asserting it in the later proceeding") (collecting cases);. *Valentine v. Inside Out Mktg.*, No. 14-CV-04775 DMG (SHx), 2015 U.S. Dist. LEXIS 189478, at *5 (C.D. Cal. Apr. 10, 2015) ("Because [plaintiffs'] claims accrued … after the Bankruptcy Order issued, they could not have been brought as part of those proceedings.  Res judicata does not apply to claims that could not have been raised as a part of the prior proceedings.")

To the extent any instruction is given, which Plaintiffs vigorously oppose, Plaintiffs note that what Defendants provided contains numerous problems.

a.  Defendants' instruction omits that Cengage submitted a plan for reorganization that a federal bankruptcy court expressly confirmed.
b.  Defendants' instruction omits the date that the Cengage plan of reorganization that was confirmed explicitly preserved Cengage's *Book Dog Books I* claims.
c.  Defendants' proposed instruction ignores that bankruptcy court approved Cengage's plan of reorganization on May 14, 2014 and, thus, does not impact Cengage's claims for events that occurred after that date (*i.e.*, *Book Dog Books II*).
d.  Defendants' instruction ignores that, for purposes of a bankruptcy discharge, while claims arise "at the time of the events giving rise to the claim", courts look to the relevant non-bankruptcy law that serves as the basis for the claim.  *In re AMR Corp.*, No. 11-15463

47

(SHL), 2016 Bankr. LEXIS 1666, at *14 (Bankr. S.D.N.Y. Apr. 14, 2016) (citing cases). As explained above, courts in the Second Circuit follow the discovery rule for determining when claims accrue.  Thus, for any events prior to May 14, 2014 that were not part of *Book Dog Books I*, those claims only accrued for purposes of bankruptcy at the time a reasonably diligent party knew or should have known of the infringement.

If the Court include an instruction on this topic, which Plaintiffs vigorously oppose for the reasons describe above, the following instruction is more accurate:

> *Defendants contend that Plaintiff Cengage Learning's claims are barred by its 2013 corporate reorganization.  On May 14, 2014, a federal bankruptcy court approved Cengage's plan of reorganization.  That court order expressly disclosed and preserved for Cengage, and did not bar, its claims in the first case (Book Dog Books I).  That court order also preserved for Cengage, and did not bar, its claims concerning any acts that happened after May 14, 2014.*

> *To succeed on this defense relating to Cengage's claims in the second lawsuit, Defendants have the burden of proving by a preponderance of the evidence the following:*
> *(1) That Cengage's plan of reorganization, confirmed on May 14, 2014, neither disclosed nor otherwise preserved Cengage's claims in this lawsuit; and*
> *(2) That the alleged infringement that forms the basis for Cengage's claims in Book Dog Books II occurred prior to May 14, 2014.*

> *If Defendants fail to carry their burden of proving each of these two things by a preponderance of the evidence, then you must reject this defense.  Even if Defendants meet their burden of proving each of these two things, however, you must also reject this defense if Cengage proves by a preponderance of the evidence that, prior to May 14, 2014, it did not know of or have reason to know of the claimed infringement that forms the basis for its claims in Book Dog Books II.*

## DEFENDANTS' ARGUMENT

An order confirming a bankruptcy plan is treated as a final judgment with res judicata effect.  *Futter v. Duffy*, 473 B.R. 20, 31 (E.D.N.Y. 2012). Courts have considered "[t]he confirmation of a plan in a Chapter 11 proceeding [to be] an event comparable to the entry of a final judgment in an ordinary civil litigation."  *Silverman v. Tracar, S.A.*, 255 F.3d 87, 92 (2d Cir. 2001); *see also Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002) (finding as a general rule "the '[c]onfirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings.'") (citations omitted). The preclusive effect of a confirmation order is limited "by

the content of the reorganization plan and the confirmation order." *Maxwell Commc'n. Corp. v. Societe Generale*, 93 F.3d 1036, 1044-45 (2d Cir. 1996).  Where the right to pursue litigation is reserved in a plan or disclosure statement, res judicata will not prevent a debtor from subsequently pursuing those claims.  *See Futter*, 473 B.R. at 29.

At least one court in this district has interpreted the Second Circuit's decision in *Sure-Snap Corporation v. State St. Bank & Trust Company*, 948 F.2d 869 (2d Cir. 1991), as "impliedly recogniz[ing] that should such an exception to res judicata exist, the right to bring the subsequent litigation must be specifically reserved in the confirmed plan."  *See Tracar v. Silverman*, 266 B.R. 273, 278 (E.D.N.Y. 2000).

Plaintiff Cengage recently emerged from Chapter 11 Bankruptcy, with its Plan of Reorganization approved by the bankruptcy court in March of 2014.  *See In re Cengage Learning, Inc.*, Case No. 1-13-44106 (ESS) (Bankr. E.D.N.Y.) ("*Cengage Bankrtupcy*") at Dkt. # 1225.  In connection with that plan, Cengage disclosed certain pending claims, including *BDB I*.  *See Cengage Bankrtupcy* at Dkt. # 1130.  However, Cengage did not disclose any of the claims that it brought in connection with *BDB II*.

49

Dated: March 9, 2018


Respectfully submitted,

By:   /s/ *Matt J. Oppenheim*                                           By:   /s/ *Evan Mandel*

Matthew J. Oppenheim                                          Evan Mandel

Scott A. Zebrak                                                     Rishi Bhandari

Jeffrey M. Gould                                            Leah Vickers

Corey Miller                                                 Robert Glunt

Julie C. Chen                                              Donald Conklin

OPPENHEIM + ZEBRAK, LLP                   MANDEL BHANDARI LLP

5225 Wisconsin Avenue, NW                  80 Pine St., 33rd Floor

Suite 503                                                New York, NY 10005

Washington, DC 20015                          Office: (212) 269-5600

Tel: 202.480.2999                                      Fax: (646) 964-6667

Fax: 866.766.1678                                 em@mandelbhandari.com

matt@oandzlaw.com                                rb@mandelbhandari

scott@oandzlaw.com                              lv@mandelbhandari

julie@oandzlaw.com                              glunt@mandelbhandari

jeff@oandzlaw.com                                 dc@mandelbhandari

corey@oandzlaw.com


*Counsel for Plaintiffs*                               *Counsel for Defendants*